GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,

v.

The CITY OF HOUSTON, The Houston Police Department, and Ernest Fulginger d/b/a Metro Auto Storage, Appellees.

No. B14–92–00743–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 10, 1993.

Michael T. Donohue, Houston, for appellant.

Gloria A. Minnick, Marty McVey, Andrea Chan, Houston, for appellees.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal by writ of error from an order of dismissal for want of prosecution, signed December 5, 1991. Appellant claims that it did not receive the required mailed notice of either the Intent to Dismiss or the actual dismissal order. Not until April 22, 1992, when its counsel appeared in court for a hearing on appellant's motion for preferential trial setting, did appellant learn that the lawsuit had been dismissed. Specifically, appellant contends that the notices in question contained an incomplete address, which constitutes error apparent on the face of the record for purposes of writ of error. We agree, and remand the case for a trial on its merits.

Appellant, an automobile financing corporation, had a perfected lien on a 1987 Nissan truck bearing Pennsylvania license tags, and valued at approximately $6,000.00. The Houston Police Department impounded and stored this vehicle, and subsequently sold it without notice to appellant for $400.00. Appellant filed suit against the appellees on November 14, 1988, and began discovery. Appellant also claims to have actively pursued settlement negotiations and preparation for trial until it learned of the lawsuit's dismissal.

On April 7, 1992, appellant filed a Motion for Preferential Setting, which was set for hearing on April 22, 1992. On that date, appellant's counsel appeared and was in-

formed by the trial judge that the case had been dismissed for want of prosecution by an order dated December 5, 1991. On May 1, 1992, appellant filed a Motion to Reinstate which the trial court subsequently denied at the oral hearing on the motion on May 8, 1992. According to the affidavits of appellant's counsel, no mailed notices concerning dismissal had ever been received by either appellant or its counsel.

Appellant by writ of error asks us to reverse the order of dismissal and order the case reinstated. As grounds, appellant claims that the address on the written notices sent by the court contained an incomplete address, thereby constituting error apparent on the face of the record. The correct and complete address of appellant's counsel is "DELLINGER, LAWRENCE & BACA, 55 Waugh Dr., *Suite 800*, Houston, Tx. 77007. This correct address was properly displayed on both the Plaintiffs' Original Petition and the service of citation of that petition. The dismissal notices sent by the court contained the following address: "DELLINGER LAWRENCE & B 55 WAUGH DR HOUSTON TX 77007." This address omitted a portion of the firm name of appellant's counsel, as well as the suite number of the building where the law firm was located. Neither the Intent to Dismiss nor the Order of Dismissal were received by appellant or its counsel.

■ Before a lawsuit may be dismissed for want of prosecution, the trial court must mail notice of its intention to dismiss to each attorney of record and to each party not represented by an attorney, and to the address as shown on the docket or papers on file. TEX.R.CIV.P. 165a. This notice must state the date and place of the dismissal hearing. *Id.* Once the order is signed, the clerk of the court is required to immediately give notice to the parties or their attorneys by first-class mail advising them of such judgment. TEX.R.CIV.P. 306a.

■ Appellees contend that the same deficient address omitting the suite number displayed on the notices was reflected by appellant on a Motion to Dismiss, filed by it, and therefore appellant has no right to complain about the use of an insufficient

address which it supplied. However, the Plaintiff's Original Petition and the service of citation both contained the complete address of appellant's counsel. Under these circumstances, we are hard-pressed to find merit in appellees' technical argument or to subject appellant to the ultimate penalty of dismissal, when such important papers initiating its lawsuit reflect the proper and complete address.

■ The issue, then, is one of whether appellant meets the requirements to appeal by writ of error. To do so, the appeal must be brought within six months of the signing of the final judgment, by a party to the suit, who did not participate at trial, and there must be error apparent on the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643 (Tex.1985); *see also McKanna v. Edgar*, 388 S.W.2d 927, 928–29 (Tex.1965). Circumstances should be liberally construed in favor of the right to appeal. *Stubbs* at 645.

■ The first element is met in that appellant filed this appeal within six months of the signing of the order dismissing the case for want of prosecution. Furthermore, appellant is clearly a party, since it filed the lawsuit. The non-participation requirement is also met, as aside from a motion to dismiss and alleged discovery and settlement attempts, appellant did not appear to contest the court's dismissal of its lawsuit. It is well established that the mere filing of a petition, answer, or motion does not constitute participation at trial absent an appearance before the court. *See Lawyers Lloyds of Texas v. Webb*, 152 S.W.2d 1096, 1097 (Tex.1941); *see also Stubbs, supra.* Thus, we must determine whether the incomplete address displayed on the notices qualifies as error apparent on the face of the record.

■ For an error to appear on the face of the record, the invalidity of the judgment must be disclosed by the papers on file in the case. *McEwen v. Harrison*, 345 S.W.2d 706, 711 (Tex.1961). Here, both the Notice of Intent to Dismiss for Want of Prosecution and the actual dismissal order contain an improper and incomplete ad-

dress, thus meeting the requirements for the fourth element of writ of error appeal. Appellant ardently contends that it did not receive notice of the trial court's actions, and it is unlikely that appellant would have requested and appeared for a hearing on a preferential trial setting had it known of the dismissal of the case.

██ Liberally construing the circumstances in favor of appellant's right to appeal, we find the writ of error proper and find that the trial court abused its discretion in refusing to reinstate the case. We, therefore, reverse the trial court's order, remand the case, and order it reinstated for a trial on the merits.