TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00116-CV






Patti Zarosky, R.N., Appellant


v.


The State of Texas, U.T.M.B., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. GN001354, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant Patti Zarosky, R.N., filed suit against appellee the State of Texas,
U.T.M.B., on May 8, 2000. Aside from answers filed by the State, no further action was taken on
the suit for more than two years. The district clerk's docket sheet states that the suit was "placed on
dismissal docket" on August 15, 2002, and on August 30, the district court signed an order
dismissing the cause for want of prosecution, along with more than one hundred other cases. The
dismissal order recites that "notice of the Court's intention to dismiss these causes for want of
prosecution was sent to all parties and attorneys of record whose addresses are in the files of the
District Clerk." The docket sheet reflects that notice of the dismissal was mailed. Although the
docket sheet shows the correct name for Zarosky's attorney, it lists a different address than the one
used in the signature box of the original petition. Zarosky filed a restricted appeal on February 14,
2003, and in her brief, she asserts that the address reflected on the docket sheet was ten years old and
no longer in use. We affirm the judgment of the district court.

 To prevail on a restricted appeal, the complaining party must show that (1) she
brought her restricted appeal within six months of the judgment's signing, (2) she was a party to the
cause and (3) did not participate in the hearing leading to the judgment or file a timely post-judgment
motion or request for findings of fact and conclusions of law, and (4) there is error apparent on the
face of the record. (1) Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999); see
Tex. R. App. P. 30. The parties do not dispute that Zarosky meets the first three requirements. 
Therefore, the only question is whether there is error apparent on the face of the record.

 On appeal, Zarosky attacks the dismissal on six grounds: (1) the face of the record
demonstrates that the district court used an incorrect address for the notice of the court's intent to
dismiss the cause or the dismissal notice, if such notices were sent at all; (2) the record fails to show
that the district clerk sent a proper notice of the court's intent to dismiss to any address; (3) the
record shows that notice was never sent to the correct address, either before or after dismissal; (4)
the record is "fatally silent" as to the time given to respond to a notice of intention to dismiss; (5)
it is "procedurally unacceptable to dismiss a trial-ready case" when the district court had never called
the case to trial and "the plaintiff would have been prepared to try the case had it ever been called
to trial"; and (6) the record does not show that the district court complied with the local rules used
as a basis for dismissal.

 A trial court has "inherent power" to dismiss a cause for want of prosecution if a
plaintiff does not prosecute her case with due diligence. Villarreal v. San Antonio Truck & Equip.,
994 S.W.2d 628, 630 (Tex. 1999). A trial court may also dismiss a cause for want of prosecution
under rule 165a of the rules of civil procedure if a party does not appear at a setting of which the
party had notice or if the cause is not "disposed of" within time frames set out by the supreme court. (2) 
Tex. R. Civ. P. 165a(1), (2); Villarreal, 994 S.W.2d at 630. Furthermore, Travis County has
promulgated local rules providing that a cause may be dismissed for want of prosecution if it has
been on file for eighteen months or more and is not set for trial and has had no filings or settings
within 180 days; those rules also set out the procedures to follow to have a cause retained on the trial
court's docket. Travis County (Tex.) Civ. Dist. Ct. Loc. R. 11.1(b), .5. (3) A party is charged with
knowledge of applicable local rules and with notice of orders affecting her case. See Continental
Casing Corp. v. Siderca Corp., 38 S.W.3d 782, 790 (Tex. App.--Houston [14th Dist.] 2001, no
pet.); Walton v. First Nat'l Bank, 956 S.W.2d 647, 651 (Tex. App.--Texarkana 1997, pet. denied);
Mayad v. Rizk, 554 S.W.2d 835, 839 (Tex. Civ. App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.).

 The address listed on the district clerk's docket sheet is not the address used by
Zarosky's attorney in the original petition. (4) The record does not include copies of the notices
required to be sent by the district clerk to inform Zarosky of the district court's intention to dismiss
the cause and of the dismissal itself. See General Motors Acceptance Corp. v. City of Houston, 857
S.W.2d 731, 733 (Tex. App.--Houston [14th Dist.] 1993, no writ). One may infer that the district
clerk used the address listed on the docket sheet in sending those notices. One may also infer that,
as urged by Zarosky, the docket-sheet address was an outdated address and the address listed on the
petition was the correct address at the time the cause was filed and while the cause was pending
before the trial court. However, the fact that it is necessary to make such inferences, no matter how
easy to make, means that error is not apparent on the face of the record. To establish that the address
listed on the docket sheet is erroneous, it is necessary to refer to Zarosky's assertions that the address
is outdated and was somehow revived from the depths of the district clerk's electronic records. Such
assertions appear nowhere in the clerk's record and are, therefore, extrinsic evidence.

 When extrinsic evidence is necessary to challenge a trial court's judgment, the proper
course of action is to seek a bill of review. (5) Alexander v. Lynda's Boutique, No. 01-1248, 2004 Tex.
LEXIS 444, at * 7-8 (May 14, 2004); General Elec. Co. v. Falcon Ridge Apartments, 811 S.W.2d
942, 944 (Tex. 1991); see Wolfe v. Grant Prideco, Inc., 53 S.W.3d 771, 774 (Tex. App.--Houston
[1st Dist.] 2001, pet. denied) (bill of review properly brought; party could not have prevailed on
restricted appeal because "[n]othing in the record . . . shows that the address in the court's central
register was incorrect on the date the notices were sent or that [plaintiff's attorney] did not, in fact,
receive it"); Robert S. Wilson Invs. No. 16 Ltd. v. Blumer, 837 S.W.2d 860, 861-62 (Tex.
App.--Houston [1st Dist.] 1992, no writ) (writ of error; filing listed street address and docket control
order was sent to P.O. box, but record did not establish that P.O. box was incorrect mailing address). (6)
We impose this requirement because our legal system "is founded upon a belief that trial courts
should first be given the opportunity to consider and weigh factual evidence. Permitting challenge
to a judgment based on [evidence] first filed in the appellate court undermines this judicial
structure." General Elec. Co., 811 S.W.2d at 944.

 We hold that error is not apparent on the face of this record and overrule Zarosky's
first and third issues on appeal. See Lynda's Boutique, at *7 ("Counsel . . . relies in part on an
affidavit that was executed after the case had reached this Court. However, we may not consider it. 
The affidavit constitutes extrinsic evidence that cannot be considered in a restricted appeal."); Texas
Workers' Comp. Ins. Fund v. Leifester, No. 03-99-00295-CV, 2000 Tex. App. LEXIS 237, at *5
(Austin Jan. 13, 2000, no pet.) (not designated for publication) (although appellant attempted to
bring forth evidence that dismissal notices were not received, such evidence was not before the trial
court and could not be considered on appeal).

 Zarosky further contends that reversal is required because the record does not show
that proper notice was sent to any address, does not speak to the time given to respond to the notice
of intent to dismiss, and does not affirmatively show compliance with the local rules used as a basis
for dismissal. (7) However, a district clerk is not required to note on a docket sheet the mailing of a
notice of intent to dismiss, nor is it reversible error for the record to be "silent as to whether or not
the required notices were given." General Elec. Co., 811 S.W.2d at 943; see also Lynda's Boutique,
at *9 (failure to show that notice was sent to particular address is not error on face of record);
Leifester, at *5 ("[n]othing within the record we can consider impeaches" recital in judgment of
dismissal that parties received proper notice of intent to dismiss). We recognize that the supreme
court has discussed at length the proper form for a notice of intent to dismiss. See Villarreal, 994
S.W.2d at 630-32. However, in Villarreal, the record contained affirmative proof that the notice was
inadequate. Id. at 632 (notice of setting warned of dismissal under rule 165a only but trial court
dismissed even after plaintiff complied with rule's requirements; based on such limited notice,
improper to invoke inherent power to dismiss). We have no such evidence before us. To the
contrary, the order of dismissal recites that, "it appear[ed] to the Court . . . that the notice of the
Court's intention to dismiss these causes for want of prosecution was sent to all parties and attorneys
of record." Such a recitation carries a presumption of validity. Cannon v. ICO Tubular Servs., Inc.,
905 S.W.2d 380, 387 (Tex. App.--Houston [1st Dist.] 1995, no writ). 

 It is not error for a clerk's record to lack evidence of dismissal notices. See Lynda's
Boutique, at *10-11; General Elec. Co., 811 S.W.2d at 943; Leifester, at *5. The dismissal order
recites that notice was provided, and there is no evidence in this record that the district clerk failed
to send proper notices of intent to dismiss and of dismissal. We therefore overrule Zarosky's second,
fourth, and sixth issues on appeal.

 Finally, Zarosky contends that it is unacceptable to dismiss her cause of action when
she was prepared to try the cause had it been called to trial. Zarosky states that this cause, having
arisen out of an administrative proceeding, was ready for trial on the very day it was filed. However,
the record does not demonstrate such trial readiness, and under the Travis County Local Rules, with
which Zarosky's attorney is expected to be familiar, Mayad, 554 S.W.2d at 839, it is the plaintiff's
responsibility to arrange for a trial setting. See Travis County (Tex.) Civ. Dist. Ct. Loc. R. 2.2 (cases
set for trial "upon written or oral request of any party"). Further, a plaintiff is charged with
prosecuting her claims with diligence, see Villarreal, 994 S.W.2d at 630, and it is unrealistic to
expect that a defendant would seek a trial setting or complain to the trial court about a notice of
intent to dismiss. It is not too onerous to expect an attorney to check on the status of a case in some
manner, and this cause was on file and inactive for more than two years before it was dismissed. We
hold it was not error for the district court to dismiss this cause for want of prosecution without first
sua sponte setting it for trial. We overrule Zarosky's fifth issue on appeal.

 Having overruled Zarosky's issues on appeal, we affirm the district court's order of
dismissal.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: May 20, 2004

1. A "restricted appeal" under rule 30 of the rules of appellate procedure was formerly known
as an "appeal by writ of error" and was governed by now repealed rule 45. See Tex. R. App. P. 30
("Restricted appeals replace writ of error appeals . . . . Statutes pertaining to writ of error appeals
. . . apply equally to restricted appeals."); Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d 226,
227 n.1 (Tex. 1999).
2. The supreme court has promulgated rules providing that, if reasonably possible, a civil case
that is not "especially complex" should be brought to trial or final disposition within eighteen
months if a jury case or twelve months if a nonjury case. Tex. R. Jud. Admin. 6, reprinted in Tex.
Gov't Code Ann., tit. 2, subtit. F app. (West 1998).
3. The Court Administrator's Office must provide notice that a cause is subject to dismissal
for want of prosecution, and such causes will be dismissed on the date set forth in the notice unless
a party complies with the local rules. Travis County (Tex.) Civ. Dist. Ct. Loc. R. 11.3.
4. We agree with Zarosky that the local rule stating that the district clerk maintains a list of
mailing addresses and that attorneys are required to ensure that their address is correct, see Travis
County (Tex.) Civ. Dist. Ct. Loc. R. 1.4, is trumped by the statewide rules of civil procedure, which
provide that a notice of intent to dismiss shall be sent to the address shown in the papers on file, see
Tex. R. Civ. P. 165a(1). See also Tex. R. Civ. P. 3a (rules of civil procedure override inconsistent
local rules); Wolfe v. Grant Prideco, Inc., 53 S.W.3d 771, 773-74 (Tex. App.--Houston [1st Dist.]
2001, pet. denied) (clerk not authorized to use address other than as shown in papers on file).
5. We recognize that a bill of review is potentially more burdensome than a restricted appeal,
but Zarosky has not shown that a bill of review is unavailable as a remedy or would be an undue
burden. See General Elec. Co. v. Falcon Ridge Apartments, 811 S.W.2d 942, 944 (Tex. 1991).
6. Compare Dickerson v. Sonat Exploration Co., 975 S.W.2d 339, 341-42 (Tex. App.--Tyler
1998, pet. denied) (writ of error; attorney's new address was on letterhead included in record along
with dismissal notices returned as undeliverable; "[l]iberally construing the language of what
constitutes 'papers on file with the court' and the right of appeal," error apparent on face of record),
Transoceanic Shipping Co. v. General Univ. Sys., Inc., 961 S.W.2d 418, 420 (Tex. App.--Houston
[1st Dist.] 1997, no pet.) (writ of error; error apparent on face of record when record included
dismissal notices returned as undeliverable and thus affirmatively established that notice was never
received), and General Motors Acceptance Corp. v. City of Houston, 857 S.W.2d 731, 733-34 (Tex.
App.--Houston [14th Dist.] 1993, no writ) (writ of error; "[l]iberally construing the circumstances
in favor of appellant's right to appeal," error apparent on face of record when dismissal notices sent
to incomplete address and trial court had before it attorney's affidavit averring that notices were
never received), with Cannon v. ICO Tubular Servs., Inc., 905 S.W.2d 380, 387-88 (Tex.
App.--Houston [1st Dist.] 1995, no writ) (bill of review; attorney was elected to public office, new
attorney was substituted, and dismissal notice sent to former attorney's old address; evidence
rebutted presumption that notice was sent to plaintiff), and Osterloh v. Ohio Decorative Prods., Inc.,
881 S.W.2d 580, 582 (Tex. App.--Houston [1st Dist.] 1994, no writ) (bill of review; district clerk
erred in relying on register of attorneys for address rather than referring to pleadings; "We find no
statutory or case authority which authorizes a district clerk to use any address other than the address
shown in the papers on file.") (emphasis in original).
7. The order recites that the cause was dismissed because it had been pending for a period of
time exceeding the standards set out by the supreme court, twelve or eighteen months, and the local
rules, eighteen months. The record confirms that recitation, showing that the cause was pending for
more than two years without any action by Zarosky.