# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-03-00116-CV
---

**Patti Zarosky, R.N., Appellant**

**v.**

**The State of Texas, U.T.M.B., Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. GN001354, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellant Patti Zarosky, R.N., filed suit against appellee the State of Texas, U.T.M.B., on May 8, 2000.  Aside from answers filed by the State, no further action was taken on the suit for more than two years.  The district clerk's docket sheet states that the suit was "placed on dismissal docket" on August 15, 2002, and on August 30, the district court signed an order dismissing the cause for want of prosecution, along with more than one hundred other cases.  The dismissal order recites that "notice of the Court's intention to dismiss these causes for want of prosecution was sent to all parties and attorneys of record whose addresses are in the files of the District Clerk."  The docket sheet reflects that notice of the dismissal was mailed.  Although the docket sheet shows the correct name for Zarosky's attorney, it lists a different address than the one

used in the signature box of the original petition. Zarosky filed a restricted appeal on February 14, 2003, and in her brief, she asserts that the address reflected on the docket sheet was ten years old and no longer in use. We affirm the judgment of the district court.

To prevail on a restricted appeal, the complaining party must show that (1) she brought her restricted appeal within six months of the judgment's signing, (2) she was a party to the cause and (3) did not participate in the hearing leading to the judgment or file a timely post-judgment motion or request for findings of fact and conclusions of law, and (4) there is error apparent on the face of the record.[1] *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999); *see* Tex. R. App. P. 30. The parties do not dispute that Zarosky meets the first three requirements. Therefore, the only question is whether there is error apparent on the face of the record.

On appeal, Zarosky attacks the dismissal on six grounds: (1) the face of the record demonstrates that the district court used an incorrect address for the notice of the court's intent to dismiss the cause or the dismissal notice, if such notices were sent at all; (2) the record fails to show that the district clerk sent a proper notice of the court's intent to dismiss to any address; (3) the record shows that notice was never sent to the correct address, either before or after dismissal; (4) the record is "fatally silent" as to the time given to respond to a notice of intention to dismiss; (5) it is "procedurally unacceptable to dismiss a trial-ready case" when the district court had never called the case to trial and "the plaintiff would have been prepared to try the case had it ever been called

---

[1] A "restricted appeal" under rule 30 of the rules of appellate procedure was formerly known as an "appeal by writ of error" and was governed by now repealed rule 45. *See* Tex. R. App. P. 30 ("Restricted appeals replace writ of error appeals . . . . Statutes pertaining to writ of error appeals . . . apply equally to restricted appeals."); *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 n.1 (Tex. 1999).

2

to trial"; and (6) the record does not show that the district court complied with the local rules used as a basis for dismissal.

A trial court has "inherent power" to dismiss a cause for want of prosecution if a plaintiff does not prosecute her case with due diligence. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A trial court may also dismiss a cause for want of prosecution under rule 165a of the rules of civil procedure if a party does not appear at a setting of which the party had notice or if the cause is not "disposed of" within time frames set out by the supreme court.[2] Tex. R. Civ. P. 165a(1), (2); *Villarreal*, 994 S.W.2d at 630. Furthermore, Travis County has promulgated local rules providing that a cause may be dismissed for want of prosecution if it has been on file for eighteen months or more and is not set for trial and has had no filings or settings within 180 days; those rules also set out the procedures to follow to have a cause retained on the trial court's docket. Travis County (Tex.) Civ. Dist. Ct. Loc. R. 11.1(b), .5.[3] A party is charged with knowledge of applicable local rules and with notice of orders affecting her case. *See Continental Casing Corp. v. Siderca Corp.*, 38 S.W.3d 782, 790 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Walton v. First Nat'l Bank*, 956 S.W.2d 647, 651 (Tex. App.—Texarkana 1997, pet. denied); *Mayad v. Rizk*, 554 S.W.2d 835, 839 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.).

---

[2] The supreme court has promulgated rules providing that, if reasonably possible, a civil case that is not "especially complex" should be brought to trial or final disposition within eighteen months if a jury case or twelve months if a nonjury case. Tex. R. Jud. Admin. 6, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West 1998).

[3] The Court Administrator's Office must provide notice that a cause is subject to dismissal for want of prosecution, and such causes will be dismissed on the date set forth in the notice unless a party complies with the local rules. Travis County (Tex.) Civ. Dist. Ct. Loc. R. 11.3.

The address listed on the district clerk's docket sheet is not the address used by Zarosky's attorney in the original petition.[4] The record does not include copies of the notices required to be sent by the district clerk to inform Zarosky of the district court's intention to dismiss the cause and of the dismissal itself. *See General Motors Acceptance Corp. v. City of Houston*, 857 S.W.2d 731, 733 (Tex. App.—Houston [14th Dist.] 1993, no writ). One may infer that the district clerk used the address listed on the docket sheet in sending those notices. One may also infer that, as urged by Zarosky, the docket-sheet address was an outdated address and the address listed on the petition was the correct address at the time the cause was filed and while the cause was pending before the trial court. However, the fact that it is necessary to make such inferences, no matter how easy to make, means that error is not apparent on the face of the record. To establish that the address listed on the docket sheet is erroneous, it is necessary to refer to Zarosky's assertions that the address is outdated and was somehow revived from the depths of the district clerk's electronic records. Such assertions appear nowhere in the clerk's record and are, therefore, extrinsic evidence.

When extrinsic evidence is necessary to challenge a trial court's judgment, the proper course of action is to seek a bill of review.[5] *Alexander v. Lynda's Boutique*, No. 01-1248, 2004 Tex.

---

[4] We agree with Zarosky that the local rule stating that the district clerk maintains a list of mailing addresses and that attorneys are required to ensure that their address is correct, *see* Travis County (Tex.) Civ. Dist. Ct. Loc. R. 1.4, is trumped by the statewide rules of civil procedure, which provide that a notice of intent to dismiss shall be sent to the address shown in the papers on file, *see* Tex. R. Civ. P. 165a(1). *See also* Tex. R. Civ. P. 3a (rules of civil procedure override inconsistent local rules); *Wolfe v. Grant Prideco, Inc.*, 53 S.W.3d 771, 773-74 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (clerk not authorized to use address other than as shown in papers on file).

[5] We recognize that a bill of review is potentially more burdensome than a restricted appeal, but Zarosky has not shown that a bill of review is unavailable as a remedy or would be an undue burden. *See General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991).

LEXIS 444, at * 7-8 (May 14, 2004); *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991); *see Wolfe v. Grant Prideco, Inc.*, 53 S.W.3d 771, 774 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (bill of review properly brought; party could not have prevailed on restricted appeal because "[n]othing in the record . . . shows that the address in the court's central register was incorrect on the date the notices were sent or that [plaintiff's attorney] did not, in fact, receive it"); *Robert S. Wilson Invs. No. 16 Ltd. v. Blumer*, 837 S.W.2d 860, 861-62 (Tex. App.—Houston [1st Dist.] 1992, no writ) (writ of error; filing listed street address and docket control order was sent to P.O. box, but record did not establish that P.O. box was incorrect mailing address).[6] We impose this requirement because our legal system "is founded upon a belief that trial courts should first be given the opportunity to consider and weigh factual evidence. Permitting challenge

---

[6] *Compare Dickerson v. Sonat Exploration Co.*, 975 S.W.2d 339, 341-42 (Tex. App.—Tyler 1998, pet. denied) (writ of error; attorney's new address was on letterhead included in record along with dismissal notices returned as undeliverable; "[l]iberally construing the language of what constitutes 'papers on file with the court' and the right of appeal," error apparent on face of record), *Transoceanic Shipping Co. v. General Univ. Sys., Inc.*, 961 S.W.2d 418, 420 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (writ of error; error apparent on face of record when record included dismissal notices returned as undeliverable and thus affirmatively established that notice was never received), *and General Motors Acceptance Corp. v. City of Houston*, 857 S.W.2d 731, 733-34 (Tex. App.—Houston [14th Dist.] 1993, no writ) (writ of error; "[l]iberally construing the circumstances in favor of appellant's right to appeal," error apparent on face of record when dismissal notices sent to incomplete address and trial court had before it attorney's affidavit averring that notices were never received), *with Cannon v. ICO Tubular Servs., Inc.*, 905 S.W.2d 380, 387-88 (Tex. App.—Houston [1st Dist.] 1995, no writ) (bill of review; attorney was elected to public office, new attorney was substituted, and dismissal notice sent to former attorney's old address; evidence rebutted presumption that notice was sent to plaintiff), *and Osterloh v. Ohio Decorative Prods., Inc.*, 881 S.W.2d 580, 582 (Tex. App.—Houston [1st Dist.] 1994, no writ) (bill of review; district clerk erred in relying on register of attorneys for address rather than referring to pleadings; "We find no statutory or case authority which authorizes a district clerk to use any address other than the *address shown in the papers on file.*") (emphasis in original).

5

to a judgment based on [evidence] first filed in the appellate court undermines this judicial structure." *General Elec. Co.*, 811 S.W.2d at 944.

We hold that error is not apparent on the face of this record and overrule Zarosky's first and third issues on appeal. *See Lynda's Boutique*, at *7 ("Counsel . . . relies in part on an affidavit that was executed after the case had reached this Court. However, we may not consider it. The affidavit constitutes extrinsic evidence that cannot be considered in a restricted appeal."); *Texas Workers' Comp. Ins. Fund v. Leifester*, No. 03-99-00295-CV, 2000 Tex. App. LEXIS 237, at *5 (Austin Jan. 13, 2000, no pet.) (not designated for publication) (although appellant attempted to bring forth evidence that dismissal notices were not received, such evidence was not before the trial court and could not be considered on appeal).

Zarosky further contends that reversal is required because the record does not show that proper notice was sent to any address, does not speak to the time given to respond to the notice of intent to dismiss, and does not affirmatively show compliance with the local rules used as a basis for dismissal.[7] However, a district clerk is not required to note on a docket sheet the mailing of a notice of intent to dismiss, nor is it reversible error for the record to be "silent as to whether or not the required notices were given." *General Elec. Co.*, 811 S.W.2d at 943; *see also Lynda's Boutique*, at *9 (failure to show that notice was sent to particular address is not error on face of record); *Leifester*, at *5 ("[n]othing within the record we can consider impeaches" recital in judgment of

---

[7] The order recites that the cause was dismissed because it had been pending for a period of time exceeding the standards set out by the supreme court, twelve or eighteen months, and the local rules, eighteen months. The record confirms that recitation, showing that the cause was pending for more than two years without any action by Zarosky.

6

dismissal that parties received proper notice of intent to dismiss).  We recognize that the supreme court has discussed at length the proper form for a notice of intent to dismiss.  *See Villarreal*, 994 S.W.2d at 630-32.  However, in *Villarreal*, the record contained affirmative proof that the notice was inadequate.  *Id*. at 632 (notice of setting warned of dismissal under rule 165a only but trial court dismissed even after plaintiff complied with rule's requirements; based on such limited notice, improper to invoke inherent power to dismiss).  We have no such evidence before us.  To the contrary, the order of dismissal recites that, "it appear[ed] to the Court . . . that the notice of the Court's intention to dismiss these causes for want of prosecution was sent to all parties and attorneys of record."  Such a recitation carries a presumption of validity.  *Cannon v. ICO Tubular Servs., Inc.*, 905 S.W.2d 380, 387 (Tex. App.—Houston [1st Dist.] 1995, no writ).

It is not error for a clerk's record to lack evidence of dismissal notices.  *See Lynda's Boutique*, at *10-11; *General Elec. Co.*, 811 S.W.2d at 943; *Leifester*, at *5.  The dismissal order recites that notice was provided, and there is no evidence in this record that the district clerk failed to send proper notices of intent to dismiss and of dismissal.  We therefore overrule Zarosky's second, fourth, and sixth issues on appeal.

Finally, Zarosky contends that it is unacceptable to dismiss her cause of action when she was prepared to try the cause had it been called to trial.  Zarosky states that this cause, having arisen out of an administrative proceeding, was ready for trial on the very day it was filed.  However, the record does not demonstrate such trial readiness, and under the Travis County Local Rules, with which Zarosky's attorney is expected to be familiar, *Mayad*, 554 S.W.2d at 839, it is the plaintiff's responsibility to arrange for a trial setting.  *See* Travis County (Tex.) Civ. Dist. Ct. Loc. R. 2.2 (cases

7

set for trial "upon written or oral request of any party"). Further, a plaintiff is charged with prosecuting her claims with diligence, *see Villarreal*, 994 S.W.2d at 630, and it is unrealistic to expect that a defendant would seek a trial setting or complain to the trial court about a notice of intent to dismiss. It is not too onerous to expect an attorney to check on the status of a case in some manner, and this cause was on file and inactive for more than two years before it was dismissed. We hold it was not error for the district court to dismiss this cause for want of prosecution without first *sua sponte* setting it for trial. We overrule Zarosky's fifth issue on appeal.

Having overruled Zarosky's issues on appeal, we affirm the district court's order of dismissal.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: May 20, 2004

8