NUMBER 13-04-255-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

FRANCES YUNK,                                                                          Appellant,

 

                                                             v.                                

 

SULZER ORTHOPEDICS, INC. AND 

SULZER MEDICAL U.S.A., INC.,                                                    Appellees.

 

          On
appeal from the 28th District Court of Nueces County, Texas.

 

                               MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez 

                            Memorandum
Opinion by Justice Yañez

 








Appellant, Frances Yunk, appeals from a trial court=s order of dismissal for want of prosecution of her
products liability suit filed against appellees, Sulzer Orthopedics and Sulzer
Medical.  By restricted appeal,[1]
in one issue appellant contends the trial court erred in dismissing her suit
because her trial counsel did not receive proper notice from the court.  We reverse and remand.               

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court=s decision and the basic reasons for it.[2]  

Regarding her sole issue, appellant contends the
trial court erred in its order of dismissal by improperly sending notice of its
intent to dismiss to her trial counsel, James A. Rodman, at an incorrect
address.

Standard of Review

We review the trial court's dismissal of a case for
want of prosecution under an abuse of discretion standard.[3]  An abuse of discretion occurs when a trial
court acts without reference to any guiding rules or principles.[4]  

Restricted Appeals








          A
restricted appeal must (1) be brought within six months after the trial court
signs the judgment, (2) by a party to the suit, (3) who, either in person or
through counsel, did not participate at trial, and (4) the error complained of
must be apparent from the face of the record.[5]  The face of the record, for purposes of a
restricted appeal review, consists of all the papers on file in the appeal.[6]  The requirements for a restricted appeal
should be liberally construed in favor of the right to appeal.[7]  The first three requirements are uncontested;
the parties simply dispute the fourth factor regarding whether error is
apparent from the face of the record.    

         
Here, Rodman provided the same address in his original petition,
letterhead, court filings, and all other correspondence as the appropriate
address for his receipt as counsel of record of all communications related to
the case.  The designated address was:
James A. Rodman; 2003 North Lamar, Suite 100; Austin, Texas 78701.  The record shows that the citations of
service served on all defendants, including appellees, listed Rodman=s address as: James A. Rodman; 2003 N. Lamar, Suite
100; Austin, Texas 78701.  

Rodman subsequently filed a motion for non-suit of
other unrelated parties in the underlying proceeding on December 3, 2001.  The motion included his signature block along
with the address previously listed in his original petition, as well as a
certificate of service that certified that appellees= trial counsel was forwarded a copy of the motion at
his designated address.  Rodman filed a
February 19, 2002 notice of appearance of co-counsel that also included Rodman=s address within the signature block.  The notice requested that co-counsel also
receive copies of all communications in the case at co-counsel=s designated physical address: P.O. Box 4905;
Beaumont, Texas 77704. 








Counsel for appellees, Darrell L. Barger, filed two
original answers in response to appellant=s suit and certified that copies of the answers were
forwarded, via certified mail, return receipt requested, to Rodman on July 24,
2001.  However, Barger forwarded copies
of the answers to an incorrect address for Rodman at A2003 N. Lama, Suite 100, Austin, Texas 78701.@  On September
18, 2001, Barger filed an additional correspondence letter with the state
district court and copied Rodman at the AN. Lama@ address. 

On September 26, 2001, Barger filed a Anotice of entry of federal stay@ in the state district court, along with a
certificate of service that included the signature of another attorney from
Barger=s firm, David Jones, who certified that notice of
the stay was forwarded to Rodman. 
However, the certificate signed by Jones indicates that notice was
improperly sent to a second incorrect address, AJames
A. Rodman; Rhea & Rodman, L.L.P.; 3500 West Seventh Street; Fort Worth,
Texas 76107-2532.@  Over
approximately the next six months, Barger sent seven additional notices to
Rodman regarding the status of the federal stay.  However, all were sent to the incorrect Fort
Worth address. 

On October 13, 2001, the trial court placed
appellant=s case on the dismissal docket.  Notice of hearing on the court=s intent to dismiss was sent to Rodman at the
incorrect Fort Worth address previously used by appellees.  Because neither Rodman nor co-counsel
appeared at the hearing, the court dismissed appellant=s suit for want of prosecution.  The record reflects that the court sent
notice of its dismissal to Rodman at the incorrect Fort Worth address.

Applicable Law            








 A trial court
has authority to dismiss a case for want of prosecution under either (1) rule
165a of the Texas Rules of Civil Procedure, or (2) the court's inherent power.[8]  However, the rules of civil procedure and due
process require courts to provide litigants with notice and an opportunity to
be heard before the court dismisses the case.[9]  A failure of the record to show that
appellant received either notice of a dismissal docket setting or notice of the
trial court's order of dismissal and the subsequent dismissal without notice
constitutes a violation of due process.[10]


Before a lawsuit may be dismissed for want of
prosecution, the trial court must mail notice of its intention to dismiss to
each attorney of record and to each party not represented by an attorney, and
to the addresses shown on the docket or papers on file.[11]  This notice must state the date and place of
the dismissal hearing.[12]  Once the order is signed, the clerk of the
court is required to immediately give notice to the parties or their attorneys
by first‑class mail advising them of such judgment.[13]  Failure to provide adequate notice of the
trial court's intent to dismiss for want of prosecution requires reversal.[14]

Analysis








           In
analyzing this case, we note that Rodman designated a single address for
purposes of receipt of all communications related to the suit.  The two incorrect addresses first appeared in
pleadings filed by appellees= counsel. 
Moreover, the two incorrect addresses are not present in any pleadings
or documents sent or filed by Rodman.  In
contrast, Barger forwarded approximately eleven copies of documents to Rodman
at incorrect addresses, with most of the documents being sent to the Fort Worth
address.  The court also sent both the
notice of intent to dismiss for want of prosecution and the actual dismissal
order to the improper Fort Worth address. 
Despite the notice of appearance of co-counsel filed by Rodman, the court
also failed to send notice of the court=s intent to dismiss and the actual dismissal order
to co-counsel.[15]   

Because the court sent the notices to an improper
address for Rodman and also failed to send the notices to co-counsel, error is
apparent on the face of this record.[16]  We conclude the court erred in its order of
dismissal because appellant was not provided with adequate notice and was
therefore deprived of an opportunity to be heard.[17]  Appellant=s sole
issue is sustained.  

We reverse the trial court's order, remand the case,
and order it reinstated for further proceedings.

 

                              

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Memorandum Opinion delivered and 

filed this the 26th day of August, 2005.

 

 

 

                                                                              











[1] 
See Tex. R. App. P. 30.





[2] 
See Tex. R. App. P. 47.4.





[3] 
See Pedraza v. Crossroads Sec. Sys., 960 S.W.2d 339, 342 (Tex.
App.BCorpus Christi 1997, no pet.).  





[4]  See Downer v. Aquamarine Operators, 701 S.W.2d 238, 241‑42
(Tex. 1985).





[5] 
See Tex. R. App. P. 26.1(c),
30; Norman Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex.
1997) (per curiam); Carmona v. Bunzl Distrib., 76 S.W.3d 566, 568 (Tex.
App.BCorpus Christi 2002, no pet.).  





[6] 
See Norman Communications, 955 S.W.2d at 270.  





[7] 
See Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985).  





[8] 
See Tex. R. Civ. P. 165a;
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.
1999).  





[9] 
See Tex. R. Civ. P.
165a (providing for notice and a hearing before a case is dismissed); Villarreal,
994 S.W.2d at 630 (requiring notice and an opportunity to be heard); Dispensa
v. Univ. State Bank, 987 S.W.2d 923, 926‑27 (Tex. App.BHouston [14th Dist.] 1999, no pet.)
(same) (citing World‑Wide 
Volkswagen Corp. v. Woodson, 444 U.S. 286, 291(1980) and Armstrong
v. Manzo, 380 U.S. 545, 552 (1965)). 






[10] 
See Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84-85
(1988); Wilson v. Indus. Leasing Corp., 689 S.W.2d 496, 497 (Tex. App.BHouston [1st Dist.] 1985, no
writ).  





[11] 
See Tex. R. Civ. P.
165a; Gen. Motors Acceptance Corp. v. City of Houston, 857 S.W.2d 731,
733 (Tex. App.BHouston [14th Dist.] 1993, no
writ).  





[12] 
See Tex. R. Civ. P. 165a; Gen. Motors
Acceptance Corp., 857 S.W.2d at 733. 






[13] 
See Tex. R. Civ. P.
306a; Gen. Motors Acceptance Corp., 857 S.W.2d at 733.    





[14] 
See Villarreal, 994 S.W.2d at 630.





[15] 
See Tex. R. Civ. P.
165a, 306a.





[16] 
See Tex. R. Civ. P.
165a, 306a; Villarreal, 994 S.W.2d at 630; Gen. Motors
Acceptance Corp., 857 S.W.2d at 733 (concluding that where notice of intent
to dismiss for want of prosecution and the actual dismissal order contain an
improper and incomplete address, error is apparent on the face of the
record).  





[17] 
See Tex. R. Civ. P.
165a, 306a; Peralta, 485 U.S. at 84-85; Villarreal, 994 S.W.2d at
630; Gen. Motors Acceptance Corp., 857 S.W.2d at 733; Wilson, 689
S.W.2d at 497.