**Reversed and Remanded and Memorandum Opinion filed August 18, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00186-CV

### SIGNORA LYNCH, Appellant

### V.

### KAREN GEORGE-BAUNCHAND AND JOHN C. OSBORNE, Appellees

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-64880**

## M E M O R A N D U M   O P I N I O N

In this appeal from a legal malpractice action, appellant Signora Lynch appeals the trial court's dismissal of her case against her former attorneys for want of prosecution and the denial of her motion to reinstate the case. One of the appellees, Karen George-Baunchand, includes in her responsive brief a motion for sanctions against Lynch for filing a frivolous appeal. We reverse the trial court's judgment and remand. We also deny George-Baunchand's motion for sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellees Karen George-Baunchand and John C. Osborne represented Lynch in an action for injuries Lynch allegedly sustained during arrests made by Texas City Police. George-Baunchand and Osborne allegedly failed to properly handle Lynch's action against Texas City Police and the case was dismissed. On October 31, 2012, Lynch filed the present action against her former attorneys for negligence and breach of fiduciary duties.

The trial court's February 11, 2013 docket control order reflects a docket call set for 9:00 a.m. on February 3, 2014. The docket control order notified the parties that failure to appear at the docket call would be grounds for dismissal for want of prosecution. The docket control order also reflected the name and address of Lynch's attorney. On February 3, 2014, Lynch and counsel failed to appear at the docket call. On February 4, 2014, the trial court signed an order dismissing the case for want of prosecution. Lynch filed a verified motion to reinstate, which the trial court denied on February 14, 2014. This appeal followed.

## ANALYSIS OF LYNCH'S ISSUES

On appeal, Lynch contends that the trial court erred by denying her motion to reinstate and dismissing her case. In the body of her brief, Lynch's primary complaint is that the trial court erred by dismissing her case without notice or a hearing, but she also frames her statement of the issue on appeal as a complaint that the trial court erred by denying her motion to reinstate. Therefore, we will address both the trial court's dismissal order and its order denying the motion to reinstate. *See* Tex. R. App. P. 38.1(f); *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("Appellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver."). Finally, we address George-Baunchand's motion for sanctions for filing a frivolous appeal.

2

**I.    The Trial Court's Dismissal of Lynch's Case and Denial of Her Motion to Reinstate**

**A.    Standard of Review**

We apply an abuse of discretion standard of review to a trial court's dismissal for want of prosecution and denial of a motion to reinstate. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam) (dismissal for want of prosecution); *Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 467 (Tex.1995) (per curiam) (denial of motion to reinstate). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *3V, Inc. v. JTS Enters., Inc.*, 40 S.W.3d 533, 541 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Acting in a manner contrary to case law also constitutes an abuse of discretion. *3V, Inc.*, 40 S.W.3d at 541. In reviewing a trial court's dismissal order, we look at the record in its entirety and the procedural history of the case. *See Olin Corp. v. Coastal Water Auth.*, 849 S.W.2d 852, 856 (Tex. App.—Houston [1st Dist.] 1993, no writ).

**B.    The Dismissal Order**

The trial court's dismissal order reflects that Lynch's case was dismissed for want of prosecution based on the stated reason that Lynch failed to appear at the court-ordered docket call. Lynch argues that the trial court abused its discretion and violated her due process rights by dismissing her case for want of prosecution without notice or a hearing. *See* Tex. R. Civ. P. 165a(1); *Gen. Motors Acceptance Corp. v. City of Houston*, 857 S.W.2d 731, 733 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("Before a lawsuit may be dismissed for want of prosecution, the trial court must mail notice of its intention to dismiss to each attorney of record and to each party not represented by an attorney, and to the address as shown on the

3

docket or papers on file.").

A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the court's inherent power. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss under Rule 165a on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within time standards promulgated by the Supreme Court." Tex. R. Civ. P. 165a(1)–(2). In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. Tex. R. Civ. P. 165a(4); *Villarreal*, 994 S.W.2d at 630.

A trial court generally must provide notice and a hearing before dismissing a case under Rule 165a or its inherent power. *See* Tex. R. Civ. P. 165a(1); *Villarreal*, 994 S.W.2d at 630. The notice and hearing requirements ensure that the dismissed claimant has received due process. *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied) (per curiam); *Hubert v. Ill. State Assistance Comm'n*, 867 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1993, no writ). The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *Villarreal*, 994 S.W.2d at 630. When the notice specifies one ground for dismissal, as in this case, the trial court cannot dismiss the case for any reason other than the stated ground. *See id.* at 632; *3V, Inc.*, 40 S.W.3d at 543. However, a lack of notice can be cured when the trial court holds a hearing on the appellant's motion to reinstate. *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

The record shows that the February 11, 2013 docket control order lists the

4

date, place, and time of the docket call, and instructs the parties to "be prepared to discuss all aspects of trial with the court on this date." The docket control order also warns: "Failure to appear will be grounds for dismissal for want of prosecution." Lynch does not contend she did not receive the docket control order; indeed, Lynch's counsel admitted in the verified motion for reinstatement that he was aware of the trial court's scheduling for the case, but chose not to appear at the docket call. In the motion to reinstate, Lynch's counsel explains:

> In late January of this year, William J. Robertson, Esquire approached me and conferred concerning his desiring [sic] on behalf of his client, Defendnat [sic] John C. Osborne to move this Court to reset the trial setting in this case, as Mr. Robertson had just lately been retained to act as Mr. Osborne's counsel. I told Mr. Robertson that I would not object provided tha [sic] he sought and obtained a new scheduling Order from the Court. Mr. Robertson assured me that he would have the case reset. I then assumed that I could trust that would occur and I did not appear for the docket call of this case.

Lynch's attorney also stated that he learned of the trial court's dismissal when he received the district clerk's notice of dismissal on February 10, 2014. Lynch does not address this evidence. Instead, Lynch argues that she was entitled to receive "either notice of a dismissal docket setting or notice of the trial court's order of dismissal."

The docket control order was addressed to Lynch's attorney at the address on Lynch's original petition. Although Lynch suggests that she was entitled to a separate dismissal docket setting after failing to appear for the scheduled docket call, she learned of the dismissal order in time to file a motion to reinstate and obtain a hearing. Lynch was thus afforded her due process rights because she received actual notice of the dismissal order in time to file a motion to reinstate, and a hearing was held on the motion. *See id.* at 128–29; *see also Davis v. Friedson*, No. 14-08-01098-CV, 2010 WL 1006644, at *10 (Tex. App.—Houston

5

[14th Dist.] Mar. 16, 2010, no pet.) (substitute mem. op.). Further, the record contains no indication that Lynch was denied an opportunity to be heard at the hearing. *See Davis*, 2010 WL 1006644, at \*10. We conclude that the hearing on Lynch's motion to reinstate satisfied the due process rights applicable to the dismissal of her case.

### C.    The Motion to Reinstate

When a case is dismissed for want of prosecution, "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3). A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. *Smith*, 913 S.W.2d at 468. An adequate justification, such as accident, mistake, or another reasonable explanation, negates the intent or conscious indifference grounds that would otherwise cause a motion seeking reinstatement to be denied. *See id.*

As an initial matter, Osborne argues that because the trial court held a hearing on Lynch's motion to reinstate and Lynch has failed to provide a reporter's record of the hearing, we must presume that the trial court had the necessary facts at the hearing to support its order. In support of this proposition, Osborne cites *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 845 (Tex. App.—San Antonio 1989, writ denied). Since *Bard* was decided, however, the Supreme Court of Texas has instructed that when the evidence is filed with the clerk and only arguments by counsel are presented in open court, a reporter's record is not required. *See Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 150 & 151 n.4 (Tex. 2015) (per curiam) (citing *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782 (Tex.

6

2005)). Absent a specific indication or assertion to the contrary, we are generally to presume that the hearing is nonevidentiary. *See id.* at 150. The complaining party is required to present a record of the hearing to establish harmful error only when the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court. *Id.*

Here, neither Osborne nor any other party contends that an evidentiary hearing was held on Lynch's motion to reinstate. The trial court's February 14, 2014 order denying the motion to reinstate suggests that, although a hearing was held, it was nonevidentiary: "Having fully considered the Motion, all responses, replies, pleadings, *arguments of counsel*, and *evidence on file*, the Court finds that Plaintiff's Motion to Reinstate should be and is hereby Denied in its entirety" (emphasis added). Further, in his brief, Osborne represents that "Lynch failed to present any evidence" at the hearing. Because the record and the briefs contain no specific indication or assertion that an evidentiary hearing was held, we are not required to presume that an evidentiary hearing was held in which evidence supporting the trial court's judgment was presented. *See id.*; *see also Ortiz v. Columbus Ins. Agency*, No. 04-07-00855-CV, 2008 WL 2923775, at *3 (Tex. App.—San Antonio July 30, 2008, no pet.) (mem. op.) (holding that appellant who did not bring forward a reporter's record did not waive complaint that trial court erred by denying motion to reinstate when record reflected the hearing on the motion was nonevidentiary).

Nevertheless, in a trial to the court in which no findings of fact are filed, the trial court's judgment implies all fact findings necessary to support it. *See Pharo v. Chambers Cnty., Tex.*, 922 S.W.2d 945, 948 (Tex. 1996). In determining whether the trial court abused its discretion in refusing reinstatement, we review the entire record and determine whether the evidence was sufficient to find that the failure of

the party was not due to accident, mistake, or other reasonable explanation. *See Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ). The party requesting reinstatement has the burden of proof to establish the ground for reinstatement under Rule165a. *See Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 3–4 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

As discussed above, Lynch filed a verified motion to reinstate in which she argued that the reason her counsel failed to appear for the docket call was that he reasonably relied on opposing counsel's representation that the trial date would be reset.[1] Osborne does not address this evidence, but George-Baunchand argues that Lynch's counsel's failure to appear, when he was aware of the docket call setting and was advised that the failure to appear could result in a dismissal for want of prosecution, amounts to conscious indifference. In support of her position, George-Baunchand cites *Prince v. Prince*, 912 S.W.2d 367, 370 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("We interpret conscious indifference to mean a failure to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances.") (quoting *Johnson v. Edmonds*, 712 S.W.2d 651, 652–63 (Tex. App.—Fort Worth 1986, no writ)). However, *Prince* was decided before the Supreme Court of Texas clarified the standard for conscious indifference in *Smith. See* 913 S.W.2d at 648.

---

[1] Lynch also argued that the Harris County district clerk's case information showed that the case had been actively prosecuted, which the appellees dispute. However, the trial court's dismissal order specifically stated that Lynch's case was dismissed for failure to appear at the docket call; therefore, Lynch only had the burden to prove her entitlement to reinstatement for the failure to appear and was not required to show that she was entitled to reinstatement on all possible grounds for the trial court's dismissal. *See Shook v. Gilmore & Tatge Mfg. Co., Inc.*, 951 S.W.2d 294, 296 (Tex. App.—Waco 1997, pet. denied); *see also Jackson v. Thurahan, Inc.*, No. 14-02-00308-CV, 2003 WL 1566386, at *4 (Tex. App.—Houston [14th Dist.] Mar. 27, 2003, no pet.) (mem. op) (holding that trial court abused its discretion by denying reinstatement on grounds other than those provided in the notice of intent to dismiss).

8

Here, Lynch's attorney explained that he relied on Osborne's attorney's assurance that he would obtain a new scheduling order and, because Lynch's attorney trusted that this would occur, he did not appear for the docket call. Lynch's attorney's statement is uncontroverted. Although Lynch's attorney may not have been "as conscientious as he should have been" in failing to confirm for himself that the docket call date had been changed, his actions did not amount to conscious indifference. *See Smith*, 913 S.W.2d at 648; *Davis*, 2010 WL 1006644, at \*11; *see also Microcheck Sys., Inc. v. Smith*, No. 01-10-00169-CV, 2011 WL 1632180, at \*4 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, no pet.) (mem. op.) (holding that trial court erred by refusing to reinstate case when attorney of record provided uncontroverted testimony that her failure to appear at docket call was not the result of conscious indifference but was due to her mistaken belief that she had been replaced as counsel of record).

Because Lynch's verified motion to reinstate reasonably explained why Lynch and her attorney failed to appear at the docket call, and because the record contains no evidence that the failure was intentional or the result of conscious indifference, the trial court abused its discretion when it denied the motion for reinstatement.

### APPELLATE SANCTIONS

In her response brief, appellee George-Baunchand contends that, under Texas Rule of Appellate Procedure 45, Lynch's appeal is frivolous and requests that we order Lynch to pay George-Baunchand $1,500.00 in attorney's fees as damages. *See* Tex. R. App. P. 45 (providing that if the appellate court determines that an appeal is frivolous, it may award a prevailing party its "just damages"). When deciding whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had a

reasonable basis to believe the case could be reversed on appeal. *Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, ___ S.W.3d ___, No. 14-14-00028-CV, 2015 WL 3485661, at \*4 (Tex. App.—Houston [14th Dist.] June 2, 2015, no pet.) (citing *Glassman v. Goodfriend*, 347 S.W.3d 772, 781–82 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc)). The imposition of sanctions is a discretionary decision exercised with prudence and caution and only after careful deliberation. *Id.*

Although we have overruled Lynch's complaint that she was denied notice and a hearing on her motion to dismiss, we have sustained Lynch's contention that the trial court erred by denying her motion to reinstate. Therefore, we conclude that Lynch's appeal was not objectively frivolous and we deny George-Baunchand's motion for Rule 45 sanctions.

## CONCLUSION

We reverse the trial court's order denying Lynch's motion to reinstate and remand the case for further proceedings. We deny appellee George-Baunchand's Rule 45 motion for damages for a frivolous appeal.


/s/    Ken Wise
        Justice


Panel consists of Justices Christopher, Brown, and Wise.

10