Paula Jo PALKOVIC and Wayne
Palkovic, Appellants,

v.

Dr. John K. COX and Lifemark Hospitals of Texas, Inc., dba Park Plaza
Hospital, Appellees.

No. C14–89–00519–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 17, 1990.

Rehearing Denied June 14, 1990.

James Elskes, Douglas S. Sandage,
Houston, for appellants.

Joseph R. Alexander, Jr., James R. Boston, Samuel A. Houston, Houston, for appellees.

Before PAUL PRESSLER, CANNON
and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellants, Paula Jo and Wayne Palkovic, bring this writ of error seeking reversal of the trial court's order dismissing appellants' suit for want of prosecution.

Appellants assign four points of error on appeal. We consolidate all points of error in our treatment of this case. Appellants complain that dismissal of their case was improper because they did not receive no-

tice of the court's intention to dismiss it, nor of the Dismissal Order.

■ This matter is before us on a writ of error. To succeed on a writ of error, the error must be apparent from the face of the record. *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390, 392 (Tex.1982). Appellants must overcome the presumption that they received proper notice of intent to dismiss and of the dismissal order. *Vianello v. City of Fort Worth,* 613 S.W.2d 543 (Tex.Civ.App.—Fort Worth 1981, no writ).

This cause, a medical malpractice case, was filed on September 19, 1986. James W. Jandrasits signed the original petition filed on behalf of appellants and was attorney of record. Appellants then relocated to Wheeling, West Virginia where they retained the law firm of Bordas and Bordas to handle their case. Bordas and Bordas, in turn, apparently retained Douglas Sandage as local counsel.

On April 1, 1987, Defendant Park Plaza Hospital filed a Motion to Dismiss. On May 4, 1987, Park Plaza Hospital's Motion to Dismiss was heard before the trial court. The docket sheet recites "Douglas S. Sandage appeared as attorney."

On June 1, 1987 attorney Douglas Sandage was the signatory on an AGREED ORDER entered by the trial court pursuant to Defendant's Motion to Dismiss. The order reads in relevant part:

> "It is ORDERED, ADJUDGED and DECREED that plaintiffs, and all designated and undesignated counsel for the plaintiffs, including ... the law firm of Bordas & Bordas, and the undersigned counsel for plaintiffs agree to amend plaintiffs' petition to conform with Park Plaza Hospital's special exceptions by June 4, 1987."

On June 4, 1987, the Palkovics filed Plaintiffs' Amended Petition signed by Douglas Sandage. On September 1, 1988, the trial court sent its Notice of Intent to Dismiss the case as of October 21, 1988 to the following attorneys of record: James Jandrasits (*attorney of record for the Palkovics*), James Boston (*attorney of record for Park Plaza Hospital*) and Joe Alexander (*attorney of record for Dr. Cox*). On October 21, 1988, the trial court dismissed the cause for want of prosecution.

Appellants' sole complaint is that dismissal was improperly ordered because neither appellants nor their attorney, Douglas Sandage, received actual notice of the court's Intent to Dismiss and of the Dismissal Order.

■ In their Notice of Intent to Appeal by Writ of Error, appellants assert that neither they nor their attorney of record learned of the Dismissal Order until March 17, 1989. Appellants' Motion to Reinstate was filed on March 23, 1989 and was overruled on April 3, 1989. By the time appellants' Motion to Reinstate was heard by the trial court, it had lost jurisdiction to reinstate the case pursuant to Tex.R.Civ.P. 306a(4) which says:

> If within twenty (20) days after the judgment or other appeal order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule, nor acquired actual notice of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date such party or his attorney received such notice or acquired knowledge of the signing, whichever occurs first, but in no event shall such periods begin more than ninety (90) days after the original judgment or other appealable order was signed. Tex.R.Civ.P. Rule 306a(4) (Vernon 1988).

Accordingly, pursuant to Tex.R.Civ.P. Rule 306a(4) there is no error on the part of the trial court in denying reinstatement.

■ Appellants further contend that, prior to the 1988 amendment of Tex.R. Civ.P. 8 and 10, no formal Motion for Substitution of Counsel was necessary to qualify a lawyer as an attorney of record. Rules 8 and 10 as they existed prior to amendment read:

> The attorney first employed shall be considered leading counsel in the case, and, if present, shall have control in the management of the cause **unless a**

change is made by the party himself, to be entered of record.

\* \* \* \* \* \*

An attorney of record is one who has appeared in the case, as evidenced by his name subscribed to the pleadings or to some agreement that the parties filed in the case; and he shall be considered to have continued as such attorney to the end of the suit in the trial court, **unless there is something appearing to the contrary in the record** (emphasis added.) TEX.R.CIV.P. Rules 8 and 10 (Vernon 1979).

Appellants' counsel contends that his signing an amended petition was sufficient to apprise the trial court that there *"is something appearing to the contrary in the record."* We find that *"something appearing to the contrary in the record"* requires notice specifically and unambiguously apprising the trial court of a withdrawal and/or substitution of counsel. *Forrester v. State,* 459 S.W.2d 698, 700 (Tex.Civ.App.—Fort Worth, 1970, writ ref'd n.r.e.); *White v. Tricontinental Leasing Corp.,* 760 S.W.2d 23, 25 (Tex.App.—Dallas 1988, no writ). The record reveals that appellants did not file anything with the District Clerk specifically apprising the trial court of a change of counsel until April 10, 1989, after appellants' case had been dismissed. We hold that the signing of an amended petition (or a notation on the docket sheet that an attorney appeared for a party) is not a substitution of counsel. The trial court's September 1, 1988 Notice of Intent to Dismiss was issued to appellants' attorney of record, James Jandrasits. Only the attorney of record in the case is to be notified. TEX.R.CIV.P. 165a(1) (Vernon 1988).

 Appellants next rely on affidavits filed with their Motion to Reinstate. These affidavits are not evidence that can be considered by this court on writ of error because they were not before the trial court prior to final judgment. The affidavits are clearly not a matter appearing "on the face of the record" and we are not authorized to consider them. *See Tankard–Smith, Inc. Gen. Contractors v. Thursby,* 663 S.W.2d 473, 476 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

The record in this case demonstrates that Notice of Intent to Dismiss was mailed to the following attorneys of record: James Jandrasits, Joe Alexander and James Boston. The record does not reflect that notice was not sent and/or not received by appellants. Since any alleged lack of notice is not apparent from the face of the record, nothing is presented for this court to review. *Canavan v. Truss–Tex Component Company,* 511 S.W.2d 318, 320 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); *Johnson v. J.W. Const. Co.,* 717 S.W.2d 464, 466 (Tex.App.—Fort Worth 1986, no writ). Finally, in the absence of *"anything appearing to the contrary in the record,"* we find that the notice provisions of Rule 165a and Rule 306a were complied with by the sending of the Notice of Intent to Dismiss and the Dismissal Order to the attorneys of record in this case. Appellants' four points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.