**Dwight WOLFE, Appellant,**

v.

**GRANT PRIDECO, INC. f/k/a Grant TFW, Inc., Appellee.**

**No. 01–00–00751–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 2, 2001.

Ralph D. Huston, The Huston Law Firm, Houston, for Appellant.

Susan C. Stevenson, Hays, McConn, Rice & Pickering, Houston, for Appellee.

Panel consists of Justices COHEN, BRISTER,* and SMITH.**

## OPINION

COHEN, Justice.

In May 1995, appellant, Dwight Wolfe, sued appellee, Grant Prideco, Inc. (Grant), in Jefferson County, Texas for negligence. The case was transferred to Harris County in August 1995. On October 7, 1998, the trial judge mailed to counsel a notice of intent to dismiss the case, unless a joint status report was filed.[1] No report was filed, and on November 16, 1998, the trial judge dismissed that case for want of prosecution. Wolfe then filed this suit, challenging the dismissal by bill of review. The trial judge granted a Tex.R. Civ. P. 166a(c) summary judgment for Grant in the bill of review proceeding. Wolfe appeals, contending that the trial judge erred by granting summary judgment. We reverse and remand.

---

* The Honorable Scott Brister, who became Chief Justice of the Fourteenth Court of Appeals on July 16, 2001, continues to participate by assignment for the disposition of this case, which was submitted on April 23, 2001.

** The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The notice of intent to dismiss stated:
   Court records indicate that this case is either not set for trial, abated, or no activity has taken place within the last 90 days. In an effort to determine the present status of the case, the attorney and pro se parties in this case are ordered to conduct a status conference and file a single joint status report with [the] Court Coordinator, on or before November 7, 1998....
   IF NO STATUS REPORT IS FILED, THE COURT WILL CONCLUDE THAT THE PARTIES HAVE NO INTEREST IN PURSUING THIS MATTER. THE CASE WILL BE DISMISSED FOR WANT OF PROSECUTION ON November 7, 1998 at 5:00 p.m.....

## Facts

After filing the underlying suit, Wolfe's attorney, Steve Gordon, took a medical leave from his law practice, and Ralph D. Huston agreed to continue prosecuting Wolfe's case. Huston notified Grant's attorney, Eric. G. Brown, of Huston's intention to substitute as counsel. However, based on communications with Brown, Huston never moved to substitute as counsel because Huston thought the case had settled. Thus, the trial court continued to direct its communications to Gordon, who remained the attorney of record.[2]

Gordon never received the notice of intent to dismiss, and he did not receive the dismissal notice until February 22, 1999, 108 days after the judgment was signed. The clerk had mailed these notices to Gordon's address in the court's computer register of attorneys, rather than to Gordon's address listed on all the pleadings. Gordon finally received the dismissal notice at another address that he had activated in 1999.

## Analysis

■ A bill of review is an independent, separate suit brought by a party to a former action who is seeking to set aside a final judgment that is no longer appealable or subject to a new trial motion. *See Caldwell v. Barnes,* 975 S.W.2d 535, 537 (Tex.1998). A bill of review is an equitable remedy and is available only when a "party has demonstrated due diligence, and can show, through no fault of its own, that no other legal remedy was available." *See Hernandez v. Koch Mach. Co.,* 16 S.W.3d 48, 57 (Tex.App.—Houston [1st Dist.] 2000,

pet. denied). Furthermore, to succeed by a bill of review, a petitioner must prove that (1) he had a meritorious claim or defense; (2) he was prevented from asserting the claim or defense by the fraud, accident, or wrongful act of his opponent or by official mistake; and (3) there was no fault or negligence of his own that prevented the assertion of the claim or defense. *See id.* Grant moved for summary judgment on all bill of review elements. The trial judge rendered summary judgment without specifying grounds. We follow the usual standard of review for summary judgments. *See* Tex.R. Civ. P. 166(a)(c); *Randall's Food Mkts., Inc., v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995).

■ In Wolfe's first issue, he contends the trial judge in the underlying suit erred by not providing a notice and a hearing before dismissing the case, *i.e.,* the trial judge committed an official mistake by sending notices to an address other than that on the papers Gordon filed. Grant contends no official mistake occurred because the clerk sent the notice of intent to dismiss to Gordon's address in the court's register of attorneys, *i.e.,* to the address listed "on the docket or in the papers on file." *See* Tex.R. Civ. P. 165a(1).[3]

We have held that "no statutory or case authority ... authorizes a district clerk to use any address other than the *address shown in the papers on file.*" *Osterloh v. Ohio Decorative Prods., Inc.,* 881 S.W.2d 580, 582 (Tex.App.—Houston [1st Dist.] 1994, no writ) (emphasis in original). Thus, the clerk committed an official mistake by using Gordon's address in the

---

2. The parties stipulated that Gordon (1) took appropriate steps to secure substitute counsel and (2) was not responsible for Huston's failure to move for substitution of counsel.

3. Tex.R. Civ. P. 165a(1) provides:
   Notice of the court's intention to dismiss and the date and place of the dismissal

hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown *on the docket or in the papers on file,* . . . .
(Emphasis added.)

register of attorneys instead of Gordon's address in the papers on file.

We sustain Wolfe's first issue.

■ In his second issue, Wolfe contends the trial judge erred if he granted summary judgment because he concluded that Wolfe did not exhaust his legal remedies by filing a restricted appeal.[4]

Wolfe contends a restricted appeal would have failed because there was no error apparent on the record's face. Specifically, the record did not show that Gordon never received the notice of intent to dismiss, and, without that evidence being apparent on the record's face, he had no legal remedy by way of a restricted appeal. We agree.

Nothing in the record of the underlying case shows that the address in the court's central register was incorrect on the date the notices were sent or that Gordon did not, in fact, receive it. Thus, we hold error was not apparent on the record's face. *See Robert S. Wilson Inv. No. 16 Ltd. v. Blumer,* 837 S.W.2d 860, 862 (Tex. App.—Houston [1st Dist.] 1992, no writ) (although clerk sent notice to address not shown in case file or in central register, error was not apparent on the record's face because nothing in the record established that the address on the notice was incorrect); *Transoceanic Shipping Co., Inc. v. Gen. Universal Sys., Inc.,* 961 S.W.2d 418, 419–20 (Tex.App.—Houston [1st Dist.] 1997, no writ) (holding error was apparent on the record's face because the record affirmatively reflected that defense counsel did not receive the trial-setting notice). *But see General Motors Acceptance Corp. v. City of Houston,* 857 S.W.2d 731, 733–34 (Tex.App.—Houston [14th Dist.] 1993, no writ) (holding error

was apparent on the record's face because the notice of intent to dismiss and the dismissal notice contained improper and incomplete addresses). Accordingly, the trial judge erred if he concluded that Wolfe failed to exhaust his legal remedies.

We sustain Wolfe's second issue.

■ In his third issue, Wolfe contends the judge erred if he granted summary judgment because he concluded the dismissal resulted from Wolfe's own fault or negligence. Wolfe contends that Gordon (1) properly referred the case to Huston; (2) rightfully expected Huston to move for substitution of counsel; and (3) did not receive the trial judge's notice of intent to dismiss. The parties stipulated that (1) Gordon took appropriate steps to secure substitution of counsel and (2) Huston's failure to move for substitution of counsel did not involve any negligence or wrongdoing by Gordon.

Nothing in the record shows Gordon was negligent for not responding to the notice. Any negligence by Gordon in failing to update the court's register of attorneys may "at best" raise a fact issue. *See Osterloh,* 881 S.W.2d at 582. It does not entitle Grant to summary judgment. *See id.* Even assuming, without deciding, that Wolfe had a duty to check the court's file between October 27, 1998 and February 22, 1999, his failure to do so would not constitute fault as a matter of law, as it would have to in order to support a summary judgment. Whether Gordon was negligent by not doing so would be a fact issue. Thus, we hold the trial judge could not have correctly concluded that the dismissal resulted from Wolfe's own fault or negligence.

---

**4.** A restricted appeal must (1) be brought within six months of the judgment's signing; (2) be brought by a party who did not participate in the trial on the merits; and (3) show

error on the record's face. *See* Tex.R.App. P. 30; *Barker CATV Constr., Inc. v. Ampro, Inc.,* 989 S.W.2d 789, 791 (Tex.App.—Houston [1st Dist.] 1999, pet. denied).

We sustain Wolfe's third issue.

■ In his fourth issue, Wolfe contends the judge erred if he granted summary judgment because he concluded that Wolfe had no meritorious claim.

Grant was the summary judgment movant. Thus, Grant had the burden to prove as a matter of law that Wolfe had no meritorious underlying claim.[5] Grant contended that Wolfe's bill of review petition was flawed because it did not contain sworn facts constituting a meritorious claim. Wolfe pleaded in his bill of review petition that

> Plaintiff has a meritorious claim against Defendant for personal injury damages in a workplace injury. In support thereof, the depositions taken in the *Wolfe* case will be filed with the Court and incorporated herein by reference.

Wolfe later filed depositions, alleging they showed his claim was meritorious. Grant did not dispute that allegation in the trial court or in its appellate brief.[6] Thus, Grant did not prove as a matter of law that Wolfe's underlying claim was not meritorious. Accordingly, the trial judge could not have correctly granted summary judgment on that basis.

We sustain Wolfe's fourth issue.

We reverse the judgment and remand the cause.

Justice BRISTER, concurring.

Justice SMITH, dissenting.

5. At trial, Wolfe would have the burden of proof on that issue.

6. If Wolfe's pleading was defective for lack of an oath, Grant's proper remedy was a special exception, rather than a summary judgment, because Wolfe could have cured the defect

BRISTE, Justice, concurring.

I concur in the judgment and join in the Court's disposition of issues one, three, and four. I would not reach issue two because I believe a party filing a bill of review within six months has acted diligently, and should not have to guess whether a restricted appeal was also available.

A bill of review is generally available only to parties with no other adequate legal remedy. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998). If a judgment is less than six months old, a restricted appeal may be one such remedy. Tex. R.App. P. 26.1(c), 30. A party who discovers an adverse judgment during that time and does nothing loses any right to review. *See Hesser v. Hesser*, 842 S.W.2d 759, 765–66 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

But a restricted appeal is an adequate remedy only if (1) the appellant did not participate in the hearing that resulted in the judgment, and (2) error is apparent on the face of the record. *Id.* It is often difficult for practitioners to know whether these conditions apply. The amount of participation allowable is a matter of degree that varies from case to case. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex.1996).

Even more uncertain is whether error is "apparent on the face of the record." For example, courts have reached apparently conflicting conclusions as to whether the following errors qualified:

with an amendment. *See* Tex.R. Civ. P. 90; *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex.1998) (holding summary judgment may be proper if a pleading deficiency is of the type that could not be cured by an amendment).

- Notices sent to an unsupported address. *Compare General Motors Acceptance Corp. v. City of Houston*, 857 S.W.2d 731, 733–34 (Tex.App.—Houston [14th Dist.] 1993, no writ) (dismissal notice that omitted suite number constituted error apparent on the face of record) *with Robert S. Wilson Invs. No. 16 Ltd. v. Blumer*, 837 S.W.2d 860, 862 (Tex. App.—Houston [1st Dist.] 1992, no writ) (trial setting sent to address completely different from that noted on attorney's notice of substitution did not constitute error apparent on face of record).

- Spelling errors on citation or return. *Compare Avila v. Avila*, 843 S.W.2d 280, 281–82 (Tex.App.—El Paso 1992, no writ) (difference between "Darlene Pirtle Avila" on citation and "D.P. Avila" on return constituted error apparent on face of record) *with Stephenson v. Corporate Servs., Inc.*, 650 S.W.2d 181, 184 (Tex.App.—Tyler 1983, writ ref'd n.r.e.) (difference between "Jim Stephenson, President" on citation and "James Stephenson, President" on return did not constitute error apparent on face of record).

- Uncertainty as to documents served. *Compare Becker v. Russell*, 765 S.W.2d 899, 900–01 (Tex.App.—Austin 1989, no writ) (failure to indicate service of order authorizing substituted service constituted error on face of record) *with Burns v. State*, 881 S.W.2d 132, 134 (Tex.App.—Houston [1st Dist.] 1994, no writ) (same failure did not constitute error on face of record).

This uncertainty creates a dilemma for parties choosing whether to appeal by restricted appeal or bill of review. A restricted appeal requires formal record preparation, briefing schedules, and opinion writing that increases costs and delays for litigants and the judicial system. But appealing by bill of review in the trial court is fatal if it is ultimately determined (perhaps years later) that the proper course was restricted appeal.

A cautious party may pursue both remedies simultaneously, see, *e.g., Smith v. Commercial Equipment Leasing Co.*, 678 S.W.2d 917, 917 (Tex.1984), or serially (so long as the restricted appeal is filed first), see, *e.g., General Electric Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 n. 2 (Tex.1991). But it is carrying equity too far when a party must exercise not just diligence but redundance.

There are several other reasons to encourage parties to proceed by bill of review rather than restricted appeal:

- The trial court may rectify its own errors, thus eliminating the need for appellate review.

- All facts are considered, rather than just those appearing on the face of the record. *See, e.g., Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998) (bill of review considering process server's post-judgment affidavit); *cf. Stankiewicz v. Oca*, 991 S.W.2d 308, 312 (Tex.App.—Fort Worth 1999, no writ) (restricted appeal refusing to consider post-judgment proof that service address was incorrect).

- Discovery is available. *See, e.g., Hesser*, 842 S.W.2d at 765 (considering defendant's deposition admission that she ignored legal notices sent to her).

- Trial is to a jury. *See, e.g., Axelrod R & D, Inc. v. Ivy*, 839 S.W.2d 126, 129 (Tex. App.—Austin 1992, writ denied).

In this case, it is undisputed that Wolfe did not learn of the dismissal for want of prosecution until more than three months and less than six months had passed. Thereafter, he promptly filed a bill of review. He was only required to show diligence, not prescience (as to the proper form of appeal) or redundance. Because

Wolfe acted diligently, I would not reach the question whether a restricted appeal was available.

JACKSON B. SMITH, Jr., Justice, dissenting (Assigned).

I respectfully dissent. I do not believe appellant, Dwight Wolfe, has alleged facts which satisfy the requirements necessary to proceed by bill of review. Thus, I would affirm and not reach the other issues.

### FACTS

Wolfe retained attorney, Steve Gordon, to file suit against Grant Prideco., Inc. F/K/A Grant TFW, Inc. After Gordon filed suit, his health required him to leave the practice of law. In 1997, Gordon closed his office, listed on Wolfe's pleadings as 5821 S.W. Freeway, Suite 501, Houston, Texas, 77057, and referred the case to attorney Ralph D. Huston, who agreed to continue prosecuting Wolfe's case. Gordon did not file a motion to withdraw as attorney of record. Huston did not file a motion to substitute himself as attorney of record for Gordon, even though the record shows Huston signed and filed a pleading in the case.

Some two years later, on October 7, 1998, in a Notice of Intent to Dismiss Status Report Required, the trial court ordered the parties to file a joint status report and informed the parties of its intent to dismiss the case for want of prosecution if a joint status report was not filed. The clerk of the trial court mailed the notice to Gordon at 5821 S West Frwy 412, Houston, Texas 77057, the address listed in the Harris County District Clerk's Justice Information Management System for Gordon, but different from the address on the pleadings Gordon had filed for Wolfe.

The judge's order required that the joint status report be filed by November 16, 1998. When the parties did not file the joint status report, the trial court dismissed the suit for want of prosecution on November 16. On May 14, 1999, Wolfe filed this bill of review seeking to overturn the dismissal of his suit.

To succeed in a bill of review, a petitioner must prove (1) he had a meritorious claim or defense, (2) he was prevented from asserting the claim or defense by the fraud, accident, or wrongful act of his opponent or by official mistake, and (3) there was no fault or negligence on his part that prevented the assertion of this claim or defense. *Caldwell v. Barnes,* 975 S.W.2d 535, 537 (Tex.1998); *Hernandez v. Koch Mach. Co.,* 16 S.W.3d 48, 57 (Tex.App.—Houston [1st Dist.] 2000, pet. denied).

Wolfe asserts he has met all three criteria necessary to succeed in a bill of review. He states he did not receive notice of the order to file a status report, did not receive notice of the dismissal of his case, and he was not at fault or negligent in any respect.

It is true that Wolfe, personally, was not at fault or negligent, however, there was fault and negligence on the part of Wolfe's attorney of record, Gordon. Gordon did not file a change of address or a motion to withdraw from the suit, nor did he take any steps to insure that either he, or Huston, the attorney to whom he had referred the case, filed the proper substitution instruments to remove Gordon as attorney of record. Huston also was negligent in not filing appropriate papers to become substituted as attorney of record. As a result, all notices were sent to Gordon, because he was still shown as the attorney of record.

The majority relies on *Osterloh v. Ohio Decorative Products, Inc.,* (Tex.App.—Houston [1st Dist.] 1994, no writ). I believe *Osterloh* is distinguishable on the key point that, when Osterloh changed attorneys, a new attorney actually substituted

into the case and then he changed firms, but did not provide the trial court with his new address. However, the new attorney filed numerous pleadings and discovery with his new address on the documents. Still, when the trial court sent a notice of its intent to dismiss the case for want of prosecution, the notice went to the substituted attorney's old address listed in the Harris County District Clerk's Register of Attorneys, instead of to the attorney's new address on the documents he had filed for Osterloh. On those facts, this Court found that there was no statutory or case authority to authorize a district clerk to use any address other than the address shown in the papers on file. *Id.* at 582.

Here, Gordon never withdrew from the case. Thus, Gordon was the attorney of record and remained responsible for the suit until he changed such designation by written notice to the trial court. TEX.R. CIV. P. 8 (Vernon 2000); *Palkovic v. Cox,* 792 S.W.2d 743, 745 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (signing amended petition is insufficient to notify court that party has new attorney).

A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record. TEX.R. CIV. P. 165a (Vernon 2000). Moreover, under the local rules for the Harris County District Courts, a case is eligible for dismissal for want of prosecution when a party or his attorney has failed to take any action specified by the court, such as here, the failure to file a court-ordered joint status report. Harris (Tex.) Civ. Dist. Ct. Loc. 3.6.

In the instant case, the trial court sent notice of its intent to dismiss for want of prosecution to the address of the attorney of record that was recorded in the Harris

County District Clerk's Register of Attorneys, not to the address on the document of the attorney, Huston, who had filed the last pleading in the court. Gordon was the attorney of record and the rules do not require a clerk of a trial court to send notice to every attorney who may have filed a pleading in the court, unless that attorney is an attorney of record. *See* TEX.R. CIV. P. 165a (Vernon 2000).

Huston's statement that Gordon was not negligent in any respect is an apparent attempt by Huston to absolve Gordon of any responsibility because of Huston's failure to substitute in as attorney of record. Unfortunate as the facts in this case are, Huston's statement cannot enable the courts to circumvent the rules of procedure which we must follow.