Opinion issued May 7, 2009
















            




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-08-00730-CV
 

 
 
KAREN KACHAR, Appellant
 
V.
 
HARRIS COUNTY ATTORNEYS, Appellee
 

 
 
On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2007-50084


 
 
 
 
MEMORANDUM OPINION
          Appellant, Karen Kachar (“Kachar”), appeals the trial court’s order dismissing 
her bill of review. We affirm. 
Background
          This case arises out of a long history of litigation between Kachar and various
parties regarding custody of Kachar’s minor daughter, N.


 On August 22, 2006, the
trial court terminated Kachar’s parental rights. Kachar filed a motion for new trial
and a notice of appeal. On May 31, 2007, this court issued a per curiam memorandum
opinion dismissing Kachar’s appeal for want of prosecution for failure to either
establish indigence or pay or make arrangements to pay the clerk’s fee for preparing
the clerk’s record. Kachar v. Tex. Dep’t of Family Protective Servs., No. 01-06-01127-CV, 2007 WL 1559890 (Tex. App.—Houston [1st Dist.] May 31, 2007, no
pet.) (mem. op.) (per curiam) (“Kachar I”).
          On August 22, 2007, Kachar filed a bill of review petition, seeking to have the
termination of her parental rights rescinded. Kachar subsequently filed a “First
Amended Bill of Review” and a “First Supplement to First Amended Bill of Review.”
During the pendency of the matter, the trial court entered an order declaring Kachar
a vexatious litigant. This court later affirmed that order on appeal. Kachar v. Dep’t
of Family and Protective Servs., No. 01-08-00074-CV, 2009 WL 40000 (Tex.
App.—Houston [1st Dist.] Jan. 8, 2009, no pet.) (mem. op.) (“Kachar II”).
          At the trial on Kachar’s bill of review, the trial court found that Kachar was not
entitled to relief because “an appeal was taken by [Kachar] to the court of appeals on
the underlying termination case and . . . that appeal was either dismissed or denied .
. . .” On August 5, 2008, the day after the trial, the trial judge signed a final order
dismissing Kachar’s bill of review on the ground that Kachar “availed herself of her
appellate remedies and the appeal was dismissed . . . .” 
Bill of Review
          In eleven issues, Kachar contends that the trial court erred in dismissing her bill
of review. 
Standard of Review 
          A bill of review is an equitable proceeding brought by a person seeking to set
aside a judgment that is no longer subject to challenge by a motion for new trial or
appeal. Caldwell v. Barnes, 154 S.W.3d 93, 96-97 (Tex. 2004); Wolfe v. Grant
Prideco, Inc., 53 S.W.3d 771, 773 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied). Generally, a bill of review plaintiff must allege and prove (1) a meritorious
claim or defense to the cause of action that supports the judgment, (2) which she was
prevented from making by fraud, accident, or wrongful act of the opposing party, (3)
unmixed with any fault or negligence of her own. Caldwell, 154 S.W.3d at 96; Wolfe,
53 S.W.3d at 773. 
          Additionally, a bill of review is proper only when a party has exercised due
diligence to prosecute all adequate legal remedies against a former judgment. King
Ranch v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003); Wolfe, 53 S.W.3d at 773. This
due diligence requirement is distinct from the three elements of the bill of review.
Caldwell v. Barnes, 975 S.W.2d 535, 537-38 (Tex. 1998).
          We review a trial court’s ruling on a bill of review for an abuse of discretion,
indulging every presumption in favor of the court’s ruling. Davis v. Smith, 227
S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing Interaction,
Inc./State v. State/Interaction, Inc., 17 S.W.3d 775, 778 (Tex. App.—Austin 2000,
pet. denied)). A trial court abuses its discretion if it acts in an unreasonable or
arbitrary manner, or without reference to guiding rules and principles. Id. 
Previous Appeals
          While Kachar’s brief and live bill of review petition are difficult to follow, her
central argument appears to be that the trial court intentionally “sabotag[ed] Kachar’s
appellate timetable” by denying her access to the trial court’s file, tampering with the
file, colluding with opposing counsel, and entering a judgment nunc pro tunc in the
termination case without giving her notice. As a result, Kachar asserts, her appeal of
the termination order was dismissed as untimely filed. However, a review of our
opinion in the matter reveals that Kachar’s appeal of the termination order was
actually dismissed for want of prosecution because Kachar had “neither established
indigence, nor paid or made arrangements to pay the clerk’s fee for preparing the
clerk’s record.” Kachar I, at *1. Kachar does not contend, and the record does not
reflect, that the conduct of the trial court or any other party prevented her from
establishing indigence or ensuring that the clerk’s fee was paid.
          When this court, in Kachar II, affirmed the trial court’s order declaring Kachar
a vexatious litigant, we held that the trial court did not abuse its discretion in finding
that there was no reasonable probability that Kachar would succeed on the merits of
her bill of review action,


 noting that,
[b]ecause Kachar received notice [of the proceedings that resulted in
termination of her parental rights], and actually filed a direct appeal [Kachar
I] of the judgment she sought to attack via her bill of review, she could not, as
a matter of law, establish the second element of a bill of review
proceeding—extrinsic fraud that denied her the opportunity to fully litigate at
trial all the rights or defenses that could have been asserted. King Ranch, Inc.,
118 S.W.3d at 751. Nor, based on these facts, could she have established the
third element necessary for a bill of review—that her failure to raise a
meritorious defense in the initial litigation was “unmixed with any fault or
negligence” on her part. Id.
 
Kachar II, at *4.
          In the instant matter, we adopt the same position on this issue that we
expressed in Kachar II and note further that, because Kachar’s appeal from the order
terminating her parental rights (Kachar I) was dismissed for want of prosecution, she
also could not establish that she exercised due diligence to prosecute all adequate
legal remedies against the termination order.



          Accordingly, we overrule Kachar’s issues and hold that the trial court did not
abuse its discretion in dismissing Kachar’s bill of review.
Conclusion
          We affirm the judgment of the trial court.
                                                             
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Hanks.