**Opinion issued August 29, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00986-CV

———————————

**ALBERT PREVOT, Appellant**

**V.**

**BANCORPSOUTH BANK F/K/A BANK OF MISSISSIPPI, Appellee**

---

**On Appeal from the 215 District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-70880**

---

## MEMORANDUM OPINION

Albert Prevot appeals the trial court's final judgment granting BancorpSouth Bank f/k/a Bank of Mississippi's motion for summary judgment, and denying Prevot's motion for summary judgment and bill of review.

Prevot raises two issues. First, he contends that the trial court erred because a Texas registration judgment cannot be enforced after the foreign judgment it registers under the Texas Uniform Enforcement of Foreign Judgment Act ("UEFJA")[1] expires and is no longer enforceable. Second, Prevot argues that once a foreign judgment registered under the UEFJA later becomes unenforceable in its home state, Texas should create an exception to the bill of review requirements to provide a party a procedural vehicle to allow it to promptly and directly attack the Texas registration judgment. We affirm the trial court's judgment.

## Background

Bancorp sued Prevot in federal district court in Mississippi to recover the amount due on a promissory note guaranteed by Prevot. In 1983, Bancorp obtained a default judgment against Prevot in the amount of $1,176,599.78. Because a judgment has a lifespan of seven years under Mississippi law, a party must bring an action founded on a judgment within seven years of rendition of the judgment. *See* MISS. CODE ANN. §§15-1-43, 15-1-47 (West 2007). Thus, in 1990, 1997, and 2004, Bancorp filed new suits in Mississippi state court to extend each preceding judgment. Each of these actions was treated as a new suit, with new cause numbers, new service, and new judgments.

---

[1] *See* TEX. CIV. & PRAC. REM. CODE ANN. §§ 35.001–.008 (West 1997 & Supp. 2007).

2

Pursuant to the UEFJA, Bancorp domesticated its 1990 Mississippi judgment against Prevot in Texas in 1992, its 1997 Mississippi judgment against Prevot in Texas in 2001, and its 2004 Mississippi judgment against Prevot in Texas in 2005.[2] Prevot did not timely file any post-judgment motion challenging the domesticated judgments nor did he appeal from the judgments.[3] Instead, after Bancorp conducted some post-judgment discovery, Prevot advised Bancorp that he believed its action for recovery was barred by section 16.066 of the Texas Civil Practice and Remedies Code[4] and urged Bancorp to cease its collection efforts

---

[2] The 1992 Texas judgment, which became dormant in Texas in 2002 and was never revived, was filed in the underlying trial court. *See BancorpSouth Bank v. Prevot*, 256 S.W.3d 719, 721 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The 2001 and 2005 Texas registration judgments, which were filed in other Harris County district courts, were later transferred to the underlying court and consolidated into one judgment.

[3] Bancorp renewed its 2004 Mississippi judgment and registered it in Texas on April 20, 2012. Prevot answered the 2012 Texas registration judgment in a proceeding currently pending in cause no. 2012-37908 in the 113th District Court of Harris, County, Texas. No appeal from that case has been taken.

[4] **§ 16.066.  Action on Foreign Judgment**

(a) An action on a foreign judgment is barred in this state if the action is barred under the laws of the jurisdiction where rendered.

(b) An action against a person who has resided in this state for 10 years prior to the action may not be brought on a foreign judgment rendered more than 10 years before the commencement of the action in this state.

(c) In this section "foreign judgment" means a judgment or decree rendered in another state or a foreign country.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.066 (West 2008).

pending a ruling from the trial court on the enforceability of the Mississippi judgments. Bancorp subsequently ceased its post-judgment discovery.

In December 2005, Bancorp filed a Motion to Enforce Mississippi Judgment seeking to enforce the 2004 Mississippi judgment registered in Texas in 2005 or, alternatively, the 1997 Mississippi judgment registered in Texas in 2001. Prevot filed a response to the motion. On March 1, 2006, the trial court signed a final order stating, "[t]he Court neither grants nor denies the motion. The Court has no jurisdiction." Bancorp appealed the order.

In *BancorpSouth Bank f/k/a Bank of Mississippi v. Prevot*, 256 S.W.3d 719, 721 (Tex. App.—Houston [14th Dist.] 2008, no pet.), the Fourteenth Court of Appeals concluded that the trial court had jurisdiction to enforce the 2004 Mississippi judgment filed in Texas in 2005, and that the 2005 Texas judgment is presently enforceable in Texas. *See id*. at 729. Noting that Prevot had not raised his challenges to enforcement in a timely post-judgment motion or appealed from the judgment, and could not collaterally attack the judgment on the grounds raised in his appeal, the Fourteenth Court stated "Prevot bears the burden to obtain an order vacating the judgment via a bill of review. Therefore, short of Prevot's

4

prevailing on a bill of review, the trial court has no alternative but to enforce the judgment as requested by Bancorp in its motion." *Id.*[5]

On December 1, 2008, Prevot filed an original petition for bill of review. On March 26, 2012, Bancorp filed its Motion for Final Summary Judgment.[6] In its motion, Bancorp argued that Prevot had not met the elements of a bill of review action. On May 25, 2012, the trial court denied Bancorp's motion. On June 11, 2012, Prevot filed a motion for summary judgment arguing that because the 2001/2005 consolidated Texas registration judgment is based solely on two unenforceable Mississippi judgments—the 1997 and 2004 Mississippi renewal judgments—the Texas judgment registers nothing and is likewise unenforceable.[7] Thus, Prevot concluded, he should not have to prove the normal elements of a bill of review action in order to directly attack the judgment on that basis. Bancorp

---

[5]     The court of appeals stated that it expressed no opinion on the merits of any later-filed bill of review. *See Prevot*, 256 S.W.3d at 729 n.15.

[6]     On September 30, 2010, the trial court signed an Agreed Order Granting Partial Summary Judgment, finding the following five judgments had expired and were unenforceable: the 1983 original Mississippi judgment, the 1990 Mississippi renewal judgment, the 1997 Mississippi renewal judgment, the 1992 Texas registration judgment, and the 1998 Texas registration judgment.

[7]     Pursuant to the trial court's September 30, 2010 Agreed Order, the 1997 Mississippi judgment expired on its own terms and, thus, became unenforceable. In his summary judgment motion, Prevot argued that the 2004 Mississippi renewal judgment cannot form the basis for a Texas registration judgment because Bancorp obtained a new Mississippi renewal judgment on April 20, 2012, thereby extinguishing the 2004 judgment, the only remaining judgment upon which the 2001/2005 Texas registration judgment was based.

filed a response to Prevot's summary judgment motion as well as a motion to reconsider the denial of its motion for summary judgment.

On October 4, 2012, the trial court signed a final judgment granting both Bancorp's motion for reconsideration and motion for summary judgment and denying Prevot's bill of review and motion for summary judgment. Prevot timely filed this appeal.

## Standard of Review

A summary judgment is subject to de novo review. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Under the traditional summary judgment standard, the movant has the burden of showing that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law. *See Am. Tobacco Co. v. Grinell*, 951 S.W.2d 420, 425 (Tex. 1997).

When both sides move for summary judgment, and the trial court grants one motion and denies the other, reviewing courts consider both sides' summary judgment evidence, determine all questions presented, and "render the judgment the trial court should have rendered." *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *Mid–Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 153–54 (Tex. 2010); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). Each party must carry its own burden to establish entitlement to summary judgment by conclusively

proving all the elements of the claim or defense as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *Atlantic Lloyds Ins. Co. v. Butler,* 137 S.W.3d 199, 208 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

We review a trial court's ruling on a bill of review for an abuse of discretion, indulging every presumption in favor of the court's ruling. *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Interaction, Inc./State v. State/Interaction, Inc.*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied)). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to guiding rules and principles. *Id.*

## Discussion

In *Prevot*, the Fourteenth Court of Appeals stated that, in order to obtain relief from the 2001/2005 consolidated Texas registration judgment, Prevot "bears the burden to obtain an order vacating the judgment via a bill of review." *Id*. at 729. Thereafter, Prevot filed his original bill of review action, and the parties filed cross-motions for summary judgment. On October 4, 2012, the trial court granted Bancorp's motion for summary judgment, and denied both Prevot's bill of review and motion for summary judgment. It is from this judgment that Prevot now appeals.

## A. Bancorp's Motion for Summary Judgment

In its summary judgment motion, Bancorp argued that it was entitled to summary judgment because Prevot failed to meet his burden of establishing the requisite elements of a bill of review. A bill of review is an equitable proceeding brought by a person seeking to set aside a judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004); *Wolfe v. Grant Prideco, Inc.*, 53 S.W.3d 771, 773 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

Generally, a bill of review plaintiff must allege and prove (1) a meritorious claim or defense to the cause of action that supports the judgment, (2) which he was prevented from making by fraud, accident, or wrongful act of the opposing party, (3) unmixed with any fault or negligence of his own. *Caldwell*, 154 S.W.3d at 96; *Wolfe*, 53 S.W.3d at 773. Additionally, a bill of review is proper only when a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment. *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Wolfe*, 53 S.W.3d at 773. This due diligence requirement is distinct from the three elements of the bill of review. *Caldwell v. Barnes*, 975 S.W.2d 535, 537–38 (Tex. 1998). A plaintiff, however, is not required to prove these elements if the plaintiff can demonstrate that he was not properly served. *See Barnes*, 975 S.W.2d at 537. Bills of review, which seek relief from final judgments, "are scrutinized by the

courts 'with extreme jealousy, and grounds on which interference will be allowed are narrow and restricted.'" *Boaz v. Boaz*, 221 S.W.3d 126, 131 (Tex. App.— Houston [1st Dist.] 2006, no pet.)

In his bill of review, Prevot argued that he had a meritorious defense to enforcement of the 2001/2005 consolidated Texas registration judgment because the Texas judgment violated the "one judgment" rule and, thus, was void.[8] He further asserted that he was prevented from making this meritorious defense by the fraud, action, or wrongful act of Bancorp, unmixed with any fault or negligence of his own. However, Prevot presented no evidence whatsoever in his bill of review to show that Bancorp prevented him from raising his purported meritorious defense either through fraud, accident, or wrongful act, unmixed with any fault or negligence of his own. Further, we note that Prevot's asserted meritorious defense—that the 2001/2005 consolidated Texas registration judgment violates the one judgment rule—was previously considered and rejected by the Fourteenth Court in *Prevot*. *See* 256 S.W.3d at 719.[9] Nor did Prevot show, much less argue, that he was excused from meeting the requirements of a bill of review because he was not properly served. *See Barnes*, 975 S.W.2d at 537. Indeed, after noting in

---

[8] *See* TEX. R. CIV. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law.").

[9] *See Prevot*, 256 S.W.3d at 729 & n.13 (concluding that Prevot's "one judgment" argument did not fit within defined categories of "void" judgment and, thus, Prevot may not collaterally attack Texas judgment by characterizing it as "void").

his appellate brief that Bancorp's summary judgment was predicated on the argument that Prevot had failed to satisfy the elements of a bill of review, Prevot states "[t]he weakness of the Bank's argument is that it focuses on the current bill of review rules—rules which this lawsuit seeks to change." Thus, on appeal, Prevot appears to concede that he failed to meet the required elements of a bill of review.

In sum, Prevot did not present any summary judgment evidence demonstrating that Bancorp prevented him from asserting a meritorious defense to enforcement of the 2001/2005 consolidated Texas judgment by fraud, accident, or wrongful act, unmixed with any fault or negligence of his own. Thus, he raised no genuine issue of material fact as to the second and third elements of a bill of review. As such, the trial court did not err in granting Bancorp's summary judgment motion. Concomitantly, in light of Prevot's failure to meet the required elements of a bill of review, we conclude that the trial court did not abuse its discretion in denying Prevot's bill of review.

## B. Prevot's Motion for Summary Judgment

In his motion for summary judgment, Prevot asserted that the 2001/2005 consolidated Texas registration judgment is unenforceable because the 1997 and 2004 Mississippi judgments upon which the Texas judgment is based have expired and are unenforceable and, thus, the Texas judgment is also unenforceable. Prevot

also argued that he was entitled to summary judgment because the 2001/2005 Texas judgment violates the "one judgment" rule as a matter of law.

As the plaintiff, Prevot had to plead and prove the elements of his bill of review action. *Caldwell*, 154 S.W.3d at 96; *Wolfe*, 53 S.W.3d at 773. As a movant for summary judgment, Prevot had the burden of proving that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. *Grinnell*, 951 S.W.2d at 420. In his summary judgment motion, Prevot addressed only the first element of a bill of review (i.e., that he had a meritorious defense) but failed to address or present any evidence with regard to the second and third elements (i.e., that he was prevented from asserting his defense due to fraud, accident or wrongful act of Bancorp, unmixed with any negligence of his own).[10] Having failed to prove the second and third elements, Prevot was not entitled to summary judgment on his bill of review action. As such, the trial court did not err in denying Prevot's motion for summary judgment.

## C. Exception to Bill of Review Requirements

In his second issue, Prevot urges this Court to create an exception to the current bill of review requirements. Specifically, he contends that a bill of review

---

[10] Further, we note that Prevot's argument in his summary judgment that the Texas judgment violates the "one judgment" rule was previously rejected by the Fourteenth Court as an impermissible collateral attack. *See Prevot*, 256 S.W.3d at 729 & n.13.

plaintiff should not be required to prove the second and third elements of his action when a Texas registration judgment purportedly becomes unenforceable after the foreign judgment it registers expires and is no longer enforceable.  In such a case, Prevot contends that "[t]he normal elements of a bill of review are irrelevant: they do not apply and thus it is error to robotically apply them."

In support of his argument that this Court create an exception, Prevot notes that the rules regarding bill of review actions "have constantly [been] changed over the years by Texas courts."  Prevot first cites *Alexander v. Hagedorn*, 226 S.W.2d 996 (Tex. 1950), the seminal case in which the Texas Supreme Court set forth the elements that a plaintiff must allege and prove in a bill of review proceeding.  *See id*. at 998.  Prevot then discusses three Texas Supreme Court cases in which the Court created an exception to the bill of review requirements: *Hanks v. Rosser*, 378 S.W.2d 31, 34 (Tex. 1964), *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974), and *Texas Industries, Inc. v. Sanchez*, 525 S.W.2d 870 (Tex. 1975).

In *Hanks*, the Supreme Court held that where a defendant was misled by the district court clerk's misinformation into not filing a timely motion for new trial after a default judgment had been taken, the defendant did not have to show that he was prevented from filing a motion for new trial due to some accident, fraud, or wrongful act of the opposing party.  *See* 378 S.W.2d at 34.  In *Carroll*, the Court

12

held that, "a bill of review may be predicated on a clerk's failure to send the notice required by [Texas Rule of Civil Procedure] 306d" without requiring that the party prove fraud, accident, or wrongful act of the opposing party. *See* 514 S.W.2d at 245. In *Sanchez*, the Court held that "proof of defendant not having been served with citation obviates the necessity of pleading and proving the second *Hagedorn* requirement: that the defendant was 'prevented from making (his meritorious defense) by fraud, accident, or wrongful act of the opposite party . . . .'" 525 S.W.2d at 871.[11]

We find Prevot's argument in support of his request that this Court create an exception to the bill of review requirements unpersuasive. Initially, we note that all the cases cited by Prevot in which an exception to the bill of review requirements was recognized were decided by the Texas Supreme Court. More importantly, however, in each of these cases, the bill of review plaintiff was misled by an officer of the court or otherwise denied due process. Here, Prevot has not alleged any issues regarding deficient service or lack of notice.

The fundamental policy underlying bills of review in Texas remains the need to protect the finality of judgments. *See Mabon Ltd. v. Afri-Carib Enters, Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) ("Courts narrowly construe the grounds on which a

---

[11] Prevot also cites to *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S. Ct. 896 (1988), in which the United States Supreme Court held that the first and second *Hagedorn* elements are obviated when a bill of review plaintiff is not served with citation in the underlying case. *See id.* at 485 U.S. 85, 108 S. Ct. 899.

13

plaintiff may obtain a bill of review due to Texas' fundamental public policy favoring the finality of judgment."). In *Alexander*, the Texas Supreme Court explained this policy as follows:

> Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done.

226 S.W.2d at 998.

In sum, the cases cited by Prevot in support of his request for a judicially created exception to the bill of review requirements are inapposite. In light of Texas' fundamental public policy favoring the finality of judgments, we decline Prevot's invitation to recognize an exception to the current requirements in a bill of review proceeding. We overrule Prevot's second issue.[12]

---

[12] Because of our disposition of his first issue, we do not reach Prevot's second issue addressing whether a Texas judgment that registers a foreign judgment that later expires renders the Texas judgment unenforceable. *See* TEX. R. APP. P. 47.1.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.