

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00014-CV

NEDRA SCOTT, Appellant

V.

DILLARD DEPARTMENT STORES, INC., A FOREIGN CORPORATION,
A/K/A DILLARD'S, A/K/A THE HIGBEE COMPANY,
A/K/A DILLARD'S INC., Appellee

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 12C0621-CCL

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

In May 2006, Nedra Scott filed a tort action in the County Court at Law of Bowie County against Dillard Department Stores, Inc., a foreign corporation, a/k/a Dillard's, a/k/a The Higbee Company, a/k/a Dillard's, Inc. (collectively Dillard). Two months later, the case was removed to federal court, but was remanded back to the county court at law in 2008. In September 2009, the trial court dismissed Scott's suit for lack of prosecution. Scott filed motions to reconsider and rescind the order of dismissal, but they were overruled by operation of law. About two years later, Scott filed a notice of appeal from the county court at law's dismissal, but in cause number 06-11-00099-CV, this Court dismissed her appeal for lack of jurisdiction. In April 2012, Scott filed a petition for an equitable bill of review, arguing that the notice of dismissal she received in July 2009 was defective. The trial court granted Dillard's motion for summary judgment because Scott failed to exercise due diligence in pursuing all her legal remedies.[1]

On appeal, Scott argues that the trial court erred in granting summary judgment because a bill of review is the proper procedure for reinstatement of a case dismissed due to official mistake. Because Scott failed to exercise due diligence in pursuing her legal remedies against the order of dismissal, the judgment of the trial court is affirmed.

A traditional motion for summary judgment is granted only when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of

---

[1]The trial court also granted summary judgment on the ground that Scott's petition lacked a verification or other sworn statement. However, we need not address this ground because Scott's failure to exercise due diligence is dispositive.

law.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

An appellate court reviews de novo the grant or denial of a motion for summary judgment.  *Id.*

"A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial."  *Saint v. Bledsoe*, 416 S.W.3d 98, 102 (Tex. App.—Texarkana 2013, no pet.) (citing *Caldwell v. Barnes (Caldwell II)*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam)); *see also* TEX. R. CIV. P. 329b(f) (on expiration of time within which trial court has plenary power, "a judgment cannot be set aside by the trial court except by bill of review for sufficient cause").  Bills of review, which seek relief from final judgments, "are scrutinized by courts of equity with extreme jealousy, and grounds on which interference will be allowed are narrow and restricted."  *Boaz v. Boaz*, 221 S.W.3d 126, 131 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Generally, a bill of review plaintiff must allege and prove (1) a meritorious claim or defense to the cause of action that supports the judgment, (2) which she was prevented from making by fraud, accident, or wrongful act of the opposing party, (3) unmixed with any fault or negligence of her own.  *Caldwell II*, 154 S.W.3d at 96; *Wolfe v. Grand Prideco, Inc.*, 53 S.W.3d 771, 773 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  A plaintiff, however, is not required to prove these elements if she can demonstrate that she was not properly served.  *See Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998).

Additionally, a bill of review is proper only when a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Wolfe*, 53 S.W.3d at 773.  This due diligence requirement is

3

distinct from the three elements of the bill of review. *Barnes*, 975 S.W.2d at 537–38. If legal remedies were available but ignored, relief by equitable bill of review is unavailable. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). This is true even when the failure is due to the negligence or inadvertence of the party's attorney. *Gracey v. West*, 422 S.W.2d 913, 916 (Tex. 1968); *Thompson v. Henderson*, 45 S.W.3d 283, 288 (Tex. App.—Dallas 2001, pet. denied).

The dispositive facts are undisputed. On September 23, 2009, the trial court dismissed Scott's case for want of prosecution. On October 5, 2009, Scott timely filed a motion to reconsider and rescind that order of dismissal, unambiguously indicating that Scott received and/or was aware of the trial court's order. The motion was overruled by operation of law under Rule 165a(3) of the Texas Rules of Civil Procedure. The last day for filing a notice of appeal from the order of dismissal was December 23, 2009. *See* TEX. R. APP. P. 26.1(a), 26.3. About two years after the judgment, Scott filed a notice of appeal on September 23, 2011. As per this Court's December 8, 2011, opinion in cause number 06-11-00099-CV, Scott failed to timely file her notice of appeal, and we dismissed that appeal for want of jurisdiction.

While it appears that the trial court's initial notice of dismissal was defective under Rule 165a of the Texas Rules of Civil Procedure, it is undisputed that Scott had actual notice of the trial court's order dismissing her case. *See* TEX. R. CIV. P. 165a. At that time, she had an available legal remedy in the form of a direct appeal, but she failed to timely file a notice of appeal. Because Scott failed to either diligently pursue her available legal remedy—a direct appeal of the challenged order—or show good cause for failing to exhaust that remedy, she is not

4

entitled to a bill of review.  *See Wembley*, 11 S.W.3d at 927; *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967) (party not entitled to bill of review as to summary judgment when he failed to file notice of appeal, even though he filed motion for new trial, which was overruled); *Thompson*, 45 S.W.3d at 288 (failure to pursue appeal established lack of diligence); *Lawrence v. Lawrence*, 911 S.W.2d 443, 448 (Tex. App.—Texarkana 1995, writ denied) (same).  Therefore, we overrule this point of error.

We affirm the trial court's judgment.


                                        Jack Carter
                                        Justice


Date Submitted:      September 16, 2014
Date Decided:        November 7, 2014

5